# AMES v. MILAM.

No. 4158.   Opinion Filed June 8, 1915.

Rehearing Denied June 6, 1916.

(157 Pac. 941.)

1. **CONTRACTS—Execution—Ignorance of Contents.** One is not relieved from a written contract, by reason of having signed it in ignorance of its contents, unless his signature was procured by fraud or mistake.

2. **SAME—Validity—Fraud.** Merely representing, to a man in possession of his faculties and able to read, that a writing embodies a previous verbal understanding, is not such fraud as will avoid the instrument.

3. **VENUE — Nature of Action — Enforcement of Vendor's Lien.** Under Rev. Laws 1910, sec. 4671, subd. 3, providing that actions for the sale of real property under a mortgage lien, or other incumbrance or charge, must be brought in the county in which the subject of the action is situated, an action to enforce payment under a contract of sale of real estate and to foreclose a vendor's lien must be brought in the county where the land lies.

4. **VENDOR AND PURCHASER—Remedies of Vendor—Enforcement of Lien—Conditions Precedent.** A tender of a deed is not a condition precedent to an action to enforce a vendor's lien.

5. **SAME.** A notice by a vendor of intention to exercise the option to declare all future payments due was not a prerequisite to an action to enforce the vendor's lien, but at most it affected only the question of costs.

6. **VENDOR AND PURCHASER — Fraud — Elements — Matters of Fact or Opinion.** A statement, by the agent of a seller of land, that he had inside information that the Capitol would be located within a few blocks of the land, when in fact the Capitol was not at that time legally located anywhere, and was later located in an entirely different section of the city, was merely an expression of opinion, not constituting fraud.

7. **TRIAL—Demurrer to Evidence—Necessity for Verdict.** Under Rev. Laws 1910, sec. 5002, subd 3, providing that, if the court shall sustain a demurrer to the evidence, such judgment shall be rendered for the demurring party as the state of the pleadings or the proof shall demand, the rendition of judgment for plaintiff in an action to foreclose the vendor's lien, on sustaining a de-

murrer to the evidence for the defendant, though no verdict has been returned by the jury, is not error.

(Syllabus by the Court.)

*Error from District Court, Oklahoma. County;*
*Geo. W. Clark, Judge.*

Action by Thomas M. Milam against George J. Ames to enforce payment under a contract of sale of real estate and to foreclose a vendor's lien. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. J. Shive,* for plaintiff in error.

*Burwell, Crockett & Johnson,* for defendant in error.

BROWN, J. Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, according to their relation in the trial court. This is an appeal from the judgment of the district court of Oklahoma county, wherein plaintiff recovered of the defendant a decree foreclosing a vendor's lien upon certain lots situated in Milam's Northwest Highlands addition to Oklahoma City, Okla., and judgment for $700, the purchase price thereof.

Plaintiff in his petition alleged substantially: That said plaintiff and defendant entered into a contract whereby plaintiff agreed to sell defendant the lots described therein; that defendant agreed to pay $700 therefor; that defendant paid $48 of the purchase price, leaving a balance due on said amount of $652; that plaintiff by reason of said premises has a lien against said property for the balance due; that plaintiff is ready and willing to carry out his part of said contract and make conveyance as agreed; and that defendant has failed and refused to carry out the terms and conditions of said contract and make the payments therein stipulated. Plaintiff prayed

for judgment for $700 and interest, and for foreclosure of said alleged lien. A copy of the contract is attached to plaintiff's petition and is substantially as follows (substituting "plantiff" and "defendant" for the terms "seller" and "buyer" as therein used):

"That plaintiff has agreed to bargain, sell, and convey to defendant, upon the terms hereinafter expressed, lots 13, 14, 15, and 16, block 21, Milam's Northwest Highlands addition to Oklahoma City, as shown by recorded plat thereof; that defendant pay therefor $700, with interest at 6 per cent. per annum, payable $1 per lot per week until paid; that plaintiff pay all regular taxes thereon, and defendant pay all special assessments, if any, as same become due; deed to be delivered when purchase price, interest, and special assessments, if any, are paid, conveying clear title to said lots and to furnish abstract of title thereto; that all unpaid installments may be paid at any time before due at 5 per cent. discount; that in case of sickness, disabling defendant to pursue his usual avocation, the weekly payments may be suspended during such disability, not to exceed ten consecutive weeks in any year; if interest, or special assessments be not paid when due, or weekly payments become more than four weeks delinquent (except in case of sickness), plaintiff may at his option declare the balance of purchase price due and collectible, or may rescind the contract to sell and take possession of said lots at his option, and in the event of rescission all payments made shall be retained by plaintiff, "not as penalty, but as and for liquidated damages" for breach of contract, and failure or delay to exercise said option shall not constitute a waiver to exercise such option thereafter; that a letter addressed to defendant, at Butler, Okla. (his home), shall be sufficient, but not exclusive, notice of intention to exercise such option; that written consent of plaintiff shall be obtained for the assignment, lease, or transfer of the contract, or the placing of any building on said lots, before payment of all of purchase price, and failure to do

so shall entitle plaintiff to exercise option above stated, in case of the doing of either of said acts; that in case of assignment, lease, etc., of the contract, the assignee shall succeed to all rights and laibilities named herein; that, in case of forfeiture of these lots by reason of non-payment of weekly dues, holder of contract agrees to turn contract back to plaintiff, at 510-512 Culbertson Building, Oklahoma City."

On the back of said contract there are indorsed payments aggregating $48.

Defendant, who resided at Butler, in Custer county, Okla., was served with summons and filed a special appearance or motion to quash the service of summons for want of jurisdiction of the court over him, on account of his being a resident of Custer county; which was over-ruled, to which action defendant excepted. Defendant filed a demurrer to plaintiff's petition, and assigned as reasons therein: (1) "This court has no jurisdiction;" and (2) "said petition does not state facts sufficient to constitute a cause of action"—which was overruled, to which action defendant excepted. Defendant answered by a general denial except for the express admissions in said answer, and further answered in substance as follows:

"That the defendant admits signing the contract, but alleges that his signature thereto was obtained by fraud and false representations, in that one Frank Whitenack, who was plaintiff's duly authorized agent, and authorized to make the statements he did make, came to defendant and wanted to sell him the lots in question; that defendant was not familiar with Oklahoma City, nor the location of said lots, but relied upon the statements made by said Whitenack as being true; that said agent told defendant that the State Capitol had been located within a few blocks of said lots, and because thereof said lots were very valuable, all of which statements were false,

and known to be false to said agent, but believed to be true by defendant, and relied on by him; that said lots were several miles from said Capitol site and were almost worthless; that said agent warranted that said Capitol building would be built within a few blocks of the lots, and promised defendant that, if not so located and built, the plaintiff would, upon demand, return to defendant all moneys paid upon said contract; that defendant is one of the officers of the Butler State Bank, and when said agent was talking to him, and trying to persuade him to purchase said lots, he was alone in said bank, without any help, and was busy waiting on customers; that said agent produced some kind of a written instrument and asked defendant to sign it, stating that he, said agent, was in a hurry to get away on the train; that said instrument was very long, and defendant did not have time to read it, but said agent represented that it contained the stipulations theretofore contained in their oral contract, and defendant, believing said statements to be true, signed said instrument, not having time to read it on account of being alone and waiting on customers of the bank; that said instrument was misplaced and lost, and defendant did not know until after this action was brought that it contained the clause relied on by plaintiff in his petition; that if defendant had known such instrument was different from said oral contract, or that it contained stipulations different from those made orally by said agent, he would not have signed it; and that he would not have signed it, had it not been for the false and fraudulent statements made by said agent, Whitenack."

In addition to the above answer, defendant pleads a counterclaim or set-off for the $48 paid on said contract.

Plaintiff moved for judgment on the pleadings, stating that defendant's answer did not constitute a defense to his petition, which was overruled, to which action plaintiff excepted. Plaintiff replied by a general denial of all the material allegations of the answer, and specific-

ally denied the allegations of agency and misrepresentation alleged by defendant.

On the issues thus made the case was tried to a jury. At the close of the evidence plaintiff demurred to defendant's evidence, which was sustained, the jury discharged, and judgment rendered for $727.20 in favor of plaintiff, and for foreclosure of vendor's lien on the lots described. Defendant excepted, filed motion for a new trial, which was overruled, and brings the case here on petition in error.

The assignments of error relied on by defendant are as follows:

"(1)   The court erred in overruling defendant's special appearance and motion to quash the service of summons.

"(2)   The court erred in overruling defendant's demurrer to plaintiff's petition.

"(3)   The court erred in overruling defendant's demurrer to plaintiff's evidence.

"(4)   The court erred in sustaining objections to evidence that was offered by defendant and in striking out evidence introduced by defendant.

"(5)   The court erred in sustaining plaintiff's demurrer to defendant's evidence.

"(6)   The court erred in rendering judgment for plaintiff, when no verdict had been returned by the jury.

"(7)   The court erred in overruling defendant's motion for a new trial.."

As to the first assignment of error, that defendant was entitled to be sued in Custer county, we think section 4671, subd. 3, Rev. Laws 1910, is a sufficient answer to that contention. Said section, so far as applicable here, reads as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated: * * * Third. For the sale of real property under a mortgage, lien, or other incumbrance or charge."

The second and third assignments of error, the overruling of defendant's demurrers to plaintiff's petition and evidence, are treated by counsel together, and we will so consider them.

Defendant contends that a tender of the deed prior to the action should have been alleged and proved. We cannot agree with this contention. The contract provides that:

"When the purchase price * * * has been paid, the seller will execute to the buyer a warranty deed" to said lots.

In *Shelton v. Wallace*, 41 Okla. 325, 137 Pac. 694, this court, in construing a contract in substance identical with the one at bar, said, in subdivision (d) of the syllabus:

"That W. is not confined to one action for damages for breach of contract, but that part of the contract providing for the installment notes was *an independent and not a dependent or concurrent covenant, and, as such, could be enforced in an independent action*."

If the contract is not concurrent, it seems clear that the deed would not be required as a condition precedent to the action. In 39 Cyc. p. 1850, it is said:

"Whether a deed should be tendered before the filing of a bill to enforce a vendor's lien is a question upon which the courts are not unanimous. By the weight of authority a tender of a deed in such case before action is brought is not necessary. A failure in this regard will at most only affect the question of costs."

In paragraph 2 of the syllabus in the case of *Loud v. Pomona Land & Water Co.,* 153 U. S. 564, 14 Sup. Ct. 928, 38 L. Ed. 822, the Supreme Court of the United States said:

"If the payment of the purchase price for lands contracted to be sold is a condition precedent to the vendor's covenant to convey, then the vendor is entitled to enforce payment without conveyance or tender of conveyance, and the allegation in his complaint of his readiness and willingness to convey, upon payment of the purchase money is sufficient."

Under these assignments of error defendant contends that no notice of intention to exercise the option to declare all future payments due was given and that under said contract such notice was a prerequisite to the action. All the facts and circumstances in this case negative the idea that notice of such intention would have avoided the suit, as it seems clear that defendant had by his acts clearly shown an intention not to and an actual refusal to carry out the contract, and in such case notice of suit would have availed nothing. It is not claimed by defendant that, had he had notice, he would have made the additional payments. If such notice were essential, we think it would only affect the costs, and by tendering the amount due defendant could have protected himself against the costs of suit. This he did not do.

Under the fourth assignment of error the defendant complains of the action of the court in striking certain evidence concerning his alleged oral agreement with the agent of plaintiff, and that when the contract was tendered him for signature he was busy in the bank waiting on a customer, and that plaintiff's agent represented to

him that the writen contract contained their previous oral agreement, and that said agent desired to leave on a train about to depart, and that he did not have time to read said contract, but signed the same upon the representations of said agent as aforesaid; that in the oral agreement he was to have the privilege of discontinuing payments at any time and abandoning his contract without liability, and that said written contract contained a provision contrary to said oral agreement, in that it provided plaintiff might declare all of said payments due upon failure to pay for four consecutive weeks the installments contracted for, and either rescind the contract or enforce payment of the amount unpaid.

We think the above facts, if true, constitute no defense to the contract. There is no evidence of authority of the agent to make any conditions in the contract, other than those expressed in the written instrument. The fact that defendant was too busy to read the contract, or that it suited the convenience of plaintiff's agent for him to sign it, so he could make the out-going train, does not relieve defendant of his duty to apprise himself of its contents.

Under the fifth assignment of error the defendant contends that the court committed reversible error in sustaining plaintiff's demurrer to the evidence. The only evidence relied on by defendant is that in support of his allegation of fraud as set out in our discussion of assignment No. 4, and the fact that the agent of plaintiff represented to him that he had "inside information" that the Capitol would be located "within a few blocks" of the lots in question. The fact that the Capitol was not at that time legally located anywhere, and was later located in an entirely different section of Oklahoma City, shows conclu-

sively that such representations could have been nothing more than the expression of an opinion, which, we think, is insufficient to form the basis of a real estate investment.

The sixth assignment of error complains of the action of the court in rendering judgment for plaintiff, when there had been no verdict returned by the jury. This contention is without merit, and needs no discussion. Section 5002, subd. 3, Rev. Laws 1910.

The seventh assignment, error in overruling motion for a new trial, has been covered by the discussion of the separate assignments upon which this one is based.

The judgment of the trial court is therefore affirmed.

All the Justices concur.