## FRIZZELL v. MILAM.

No. 4459.    Opinion Filed June 22, 1915.

Rehearing Denied June 6, 1916.

(157 Pac. 944.)

1.    **CONTRACTS—Validity—Knowledge of Contents.** One is not relieved from the obligations of a written contract by reason of having signed it in ignorance of its contents, unless his signature was procured by fraud or mistake.

2.    **SAME.** Merely representing, to a man in possession of his faculties and able to read, that a writing embodies a previous verbal understanding, is not such fraud as will avoid the instrument.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Thomas M. Milam against J. T. Frizzell. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. J. Shive,* for plaintiff in error.

*Burwell, Crockett & Johnson,* for defendant in error.

BROWN, J. Plaintiff below, Thomas M. Milam, recovered judgment in the district court of Oklahoma county against the defendant below, J. T. Frizzell, for $717.20, purchase price of some real estate, and for foreclosure of vendor's lien thereon, from which the defendant brings error.

The facts in the case are very similar to those in *Ames v. Milam, ante,* p. 739, 157 Pac. 941, decided at this term of court. The terms of the contract of sale in the two cases are identical, the property involved is in the same

addition to Oklahoma City, and the only point of difference between the cases is in the circumstances under which the contract was signed. The contention of the plaintiff in error as to the facts in this regard is:

That Milam, the owner of the addition known as Milam's Northwest Addition to Oklahoma City, sent an agent by the name of Whitenack to Butler, Okla., the home of plaintiff in error, to sell lots in said addition. That said agent approached plaintiff in error and told him (quoting from the statement of the case in plaintiff in error's brief) as follows:

"That his principal, Milam, stood in with the powers that be and that he had inside information that the State Capitol would be located within a few blocks of the lots; that if it was not located there that any time they wanted to they could drop out and Milam would return their money which they might have paid. In the language of the witness he guaranteed that the State Capitol building would be built within a few blocks of these lots, and made them believe that they could stop payment at any time they chose to do so. The defendant is a physician engaged in the practice of medicine. Relying on Whitenack's statements and promises, he bought four lots and made payments upon them. About two weeks afterwards, one night he received a call to a sick patient and was hurrying home after his medicine chest, when he met Whitenack, who asked him to step into the pool hall and sign the written contract. Defendant told Whitenack that he was in a hurry and that he did not have time to read it, and asked Whitenack if it was the same as their oral contract. Whitenack replied, 'The contract contained nothing that was contrary to our previous agreement.' Relying on that statement, and not having time to read the contract, defendant signed it. Although Whitenack gave defendant a copy of the contract, defendant misplaced it, and never read it until after he was

sued, and never knew until after he was sued that it contained the provision that if he failed to make the monthly payments that the entire purchase price would become due. Plaintiff never tendered a deed to defendant and demanded payment of the money. Neither did he ever notify defendant that he had elected to declare the entire purchase price due."

For the purpose of this decision we will take plaintiff in error's statement as a true statement of the facts of the case on the point covered.

The fact that defendant was in a hurry to make a professional call was not a sufficient reason or excuse for him to sign the contract in question without reading it. He could have waited and advised himself of its contents. There was no duress, and no evidence of necessity for immediate action. In the case of *Ames v. Milam, supra,* and cases there cited, it is shown that merely representing to a party that a writing contains the terms of a prior oral agreement is not such fraud as will avoid the instrument, where the party signing the same is in possession of his faculties and can read.

The contract sued on is set out in full in the case of *Ames v Milam, supra,* and its terms are identical with the one in this case. All the other facts involved and the assignments of error are the same in the two cases.

For the reasons stated above, and in the case of *Ames v. Milam, supra,* the judgment of the trial court is affirmed.

All the Justices concur.