### TERRY v. HAYNES et al.

No. 7631—Opinion Filed July 11, 1916.
(158 Pac. 1195.)

**1. Estoppel—Equitable · Estoppel—Inconsistent Conduct.**

C. E. M. and J. C. T. executed a note to T. A. H., which was indorsed to H. It was admitted by H. that J. C. T. only signed the note as surety. The payment of said note was secured by a mortgage upon a mare and her increase. · C. E. M. sold the mare and increase at private sale to H., at which sale J. C. T. was present and entered the credit of the price agreed upon for the mare and colt upon the note and did not object to the sale of said animals at the price agreed upon. Held, that J. C. T., in an action to recover the balance of the note, was estopped from setting up the invalidity of said sale.

**2. Trial—Demurrer to Evidence.**

Where the court sustains a demurrer to the evidence, the court may properly withdraw the case from the jury and render judgment for the party demurring as the state of the pleadings or the proof shall demand.

(Syllabus by Collier, C.)

Error from County Court, Harmon County; E. C. Abernathy, Judge.

Action by A. C. Haynes against J. C. Terry and another. Judgment for plaintiff, and defendant Terry brings error. Affirmed.

Counts & Counts, for plaintiff in error.

C. H. Madden and A. M. Stewart, for defendants in error.

Opinion by COLLIER, C. This action was commenced by A. C. Haynes, one of the defendants in error, in the justice court of Harmon county, Okla., to recover upon a note the sum of $125, executed by C. E. Miller and J. C. Terry, to T. A. Hudson and by Hudson indorsed to said Haynes.

The plaintiff in error, J. C. Terry, filed his separate verified answer, admitting that he signed the note sued upon, but averring that he only did so as surety; that at the time of the execution of said note and for the purpose of securing the payment thereof, and protecting him as surety thereon, the defendant C. E. Miller made, executed, and delivered to the said T. A. Hudson his certain chattel mortgage whereby he conveyed to said Hudson one certain mare, together with all increase; that the increase of said mare consisted of one colt, and that said mare and colt were worth $160, or more, and that said amount was more than sufficient to pay said indebtedness; that the said Haynes, acting in conjunction with the said C. E. Miller, one of the defendants. in error, converted said mare and colt to the use of the plaintiff without the consent of said plaintiff in error, and caused a credit of $75 to be placed upon said note, which said sum was less than half the value of the mortgaged property; that. the defendant in error Haynes did not act in good faith in reducing said mare and colt to his possession in the manner and form he took possession thereof, and that the same was done for the express purpose of cheating and defrauding said plaintiff in error, and which has cheated and defrauded him; that the actual cash value of the said mortgaged property at the time of its conversion was not less than $160, and that the note at said time only amounted to the sum of $135, and that said plaintiff at said time was offered a greater sum for said mare and colt than the mortgaged indebtedness against the same; that if said plaintiff had acted in good faith and foreclosed said mortgage according to law, that said mortgaged property would have more than paid said mortgage indebtedness, and that by reason of the illegal acts of the plaintiff herein the defendant is, and ought to be, fully released from said mortgaged indebtedness.

Defendant in error, replying, admits J. C. Terry signed the note as surety, but denies that he, defendant in error, colluded with said C. E. Miller to deprive him of his substantial right. And plaintiff further alleges that J. C. Terry was present when the credit on said note was made, and that the same was made with his consent and at his request, and that· he assisted in bringing the stock to town, and that he placed the credit on said note himself. and that he did so in order to save the costs of foreclosure and in order to secure what was estimated as the full value · of said stock as a credit on said note.

Hereinafter the parties will be designated as they were in the trial court. The trial resulted in a verdict and judgment for defendant in error A. C. Haynes, and the plaintiff in error appealed to the county court of Harmon county, where the case was tried by a jury.

A copy of the note sued upon, which showed that $75 had been paid thereon, was introduced in evidence without objection, and the plaintiff testified that. he traded for it before maturity, obtaining it from Mr. Hudson, the original holder who indorsed it to him; that there had been no payment other than

the $75 credited on the note; that the payment was made by a mare and colt upon which he held a mortgage to secure this note.

T. A. Hudson, witness for the defendant, testified that he was the payee named in the note offered in evidence; that it was given for a sorrel mare for which he had as security the mare and increase; that he did not know when the credit was paid on the note; that he learned of it later, when Mr. Haynes, who was the first man he talked to about it, asked him about it, and said the remainder had to be paid; that he asked him what he gave for the mare, and he replied $75 for her and the colt, to which he said that he would not stand for that; that he would give more for her, to which he replied that he wanted pay for feeding said mare; that Haynes did not say what the feed bill was, and witness would not have paid said bill if it had been 15 cents.

The defendant Terry testified that he had never agreed with Mr. Haynes and Mr. Miller for Miller to deliver the mare and colt to Mr. Haynes.

Upon cross-examination Mr. Terry admitted that he was present when Miller delivered the mare and colt to Haynes; that he made the indorsement on the back of the note; that he shook his head at Mr. Miller, but he did not make any objection; that Mr. Haynes hunted him up to go out there and get the settlement; that Haynes made a proposition that he would give $75 for the mare and colt; and that he never let Mr. Haynes at any time know that he disapproved of the settlement; that Mr. Haynes had never asked or secured his consent for placing this $75 on the note; that Mr. Haynes requested him to place credit on the note, and that he did so.

W. T. Cunningham testified for the defendant that he was engaged in the business of carrying mail and buying horses; that he saw the mare and colt about two or three days after Haynes got them; that he was acquainted with the value of mares; that the value of the colt was about $25 or $30, that the mare was worth something like $100 or $115.

The chattel mortgage referred to was introduced in evidence by the defendant. Upon the close of the evidence the plaintiff demurred to the evidence of the defendant J C. Terry, upon the ground that the same does not constitute any defense to plaintiff's cause of action; it appearing from the admissions of the defendant J. C. Terry that he was present and took part in the placing of the credit on the note. and in the sale of the mare and colt to the plaintiff for the sum of $75, placing the credit therefor on the note himself.

The demurrer was sustained to the evidence; and thereupon on motion of plaintiff for judgment, the court withdrew the case from the jury and rendered a judgment for the plaintiff in the sum of $81.97, together with costs of action taxed at $56.25, and that the judgment draw interest at the rate of 10 per cent. per annum from the 10th day of April, 1913, to which the defendant duly excepted. Timely motion was made for a new trial, which was overruled and exception saved, and this appeal perfected. Defendants in error filed no brief.

Defendant assigns the following as errors:

"(1) That said court erred in sustaining the demurrer of the said A. C. Haynes, defendant in error, to the evidence introduced by the plaintiff in error upon the trial of said cause, and in holding that said testimony was insufficient to constitute a defense to the cause of action of the said A. C. Haynes, defendant in error, and in holding that said evidence did not raise a question of fact for the consideration of the jury.

"(2) That said court erred in taking said cause away from the consideration of the jury and rendering judgment in favor of A. C. Haynes, defendant in error, and against this plaintiff in error, and discharging said jury from the consideration of said cause.

"(3) That said court erred in sustaining the motion of A. C. Haynes, defendant in error, for judgment against the plaintiff in error and rendering judgment thereon.

"(4) That the court erred in admitting evidence on the part of A. C. Haynes, defendant in error, over the objections of the plaintiff in error.

"(5) That said court erred in refusing and ruling out competent and legal evidence on the part of plaintiff in error.

"(6) That said court erred in overruling the motion of plaintiff in error for a new trial."

As the brief fails to point out the evidence admitted or rejected, of which complaint is made by the fourth and fifth assignments of error, said errors cannot be considered, which leaves for consideration only the first, second, third, and sixth assignments of error.

There is no evidence whatever in the case showing any collusion or fraud practiced by the plaintiff upon the defendant Terry in the purchase by the plaintiff of the mare and colt.

The unquestioned evidence was that Terry was present at the time of the sale of the mare and colt to plaintiff, and did not in anywise object to such sale, but acquiesced in the sale by indorsing the agreed price of the purchase of said animal on said note, and therefore, in the absence of evidence of fraud

and collusion, is estopped from setting up the invalidity of the sale of said mare and colt; the facts constituting said estoppel being well pleaded in the reply filed by plaintiff to the answer of the defendant. 10 R. C. L. 252, and authorities cited.

As to the fact that defendant Terry executed said note as surety, we are of the opinion that it only entitled him to have the amount of such sale credited upon the note, which was done, and that the said sale of said mare and colt to plaintiff gives no legal ground of which the said Terry could complain; he having acquiesced in said sale.

We have carefully considered all the evidence and are of the opinion that the evidence of the defendant does not sustain the averments of his answer as to fraud and collusion being practiced against him, or show in anywise why he should be discharged from liability on account of said note.

The court having sustained the demurrer to the evidence, and as to ascertain the amount of the judgment only required a mere clerical calculation, and it is not complained that the judgment rendered is excessive, in our opinion the second error assigned —that the court erred in taking the case from the jury, and rendering judgment—is without merit, and needs no discussion.

Section 5002, Rev. Laws 1910, subdivision 3, in part, reads:

"If the court shall sustain the demurrer, such judgment shall be rendered for the party demurring as the state of the pleadings or the proof shall demand." Ames v. Milam, 53 Okla. 739, 157 Pac. 941.

We are of the opinion that the court did not err in overruling the motion for a new trial. Finding no prejudicial error in the record, we recommend that this cause be affirmed.

By the Court: It is so ordered.