## YOUNG v. COLE.

No. 11496—Opinion Filed June 19, 1923.

(Syllabus.)

1. **Sales—Title of Bailee—Rights of Purchaser from Bailee.**

The bailee in possession of property for some particular purpose is not invested with such appearance of ownership as will enable the bailee to pass the title to the property as against the owner.

2. **Same—Apparent Ownership of Bailee—Bona Fide Purchaser.**

If the owner of personal property delivers the possession thereof to a person for some particular purpose and delivers a bill of sale to the bailee intentionally or negligently, through failure to read the instrument, thereby clothing the possessor with apparent ownership, the latter is thereby enabled to pass the title to the property to a person without notice of the bailor's claims.

3. **Same—Estoppel of Owner.**

The bailee of personal property cannot pass a greater title than he possesses, but the owner, by clothing the possessor with the indicia of ownership, is estopped to assert ownership to the property conveyed under such color of ownership.

4. **Same.**

The title in such conveyances does not rest upon the title passed by the bailee, but upon the estoppel against the owner through the fault of the latter in clothing the bailee with indicia of ownership to the property.

5. **Appeal and Error—Questions of Fact—Verdict.**

If there is any testimony that reasonably tends to support the verdict of the jury, this court will not reverse the case upon

the question of insufficiency of the testimony.

## 6. Sufficiency of Evidence.

We have carefully examined the record in this case and find that the testimony fairly supports the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Lenore Young against C. O. Cole for possession of an automobile. Judgment for defendant. Plaintiff brings error. Affirmed.

Joseph D. Mitchell, for plaintiff in error.

Twyford & Smith, for defendant in error.

Opinion by STEPHENSON, C. Plaintiff filed her action in the district court of Oklahoma county against the defendant for the possession of one Hupmobile automobile which the plaintiff purchased in the first days of January, 1919, from R. C. Mott of Bartlesville, Okla., in which city the plaintiff resided. One J. E. Jackson negotiated the sale between the plaintiff and Mott, and agreed to teach the plaintiff to drive the car. The plaintiff further alleged that Jackson took the car without her knowledge or consent from the city of Bartlesville to Oklahoma City, where a sale was made through the Buick agency to the defendant Cole, and because of the wrongful acts Jackson did not take title to the car, and that the defendant Cole was not entitled to the possession of the property as against the plaintiff, even though he was an innocent purchaser of the property for value. The defendant Cole alleged that he purchased the car in good faith from Jackson, through the Buick agency, and paid the sum of $1,000, and so purchased the car without the knowledge of plaintiff's claims in the property. It appears from the evidence that plaintiff is a quarter-blood Osage Indian, about 58 years of age, and is able to read and write. The evidence further discloses that at the time plaintiff purchased the car, about January 8, 1919, she permitted Jackson to retain the care and custody of the car while he was teaching her to drive the same. It does not appear that the car was out of the possession of Jackson from the time it was received from the Hupmobile agency at Bartlesville until Jackson delivered the car at the Buick agency in Oklahoma City. The plaintiff was not acquainted with Jackson previous to the date of the purchase of the car. The plaintiff shows by her evidence that she spent considerable time at the home of Jackson after the car was purchased, and during the time the car was in the possessesion of Jackson. Plaintiff alleges that Jackson insisted on her spending considerable of her time at the Jackson home until he took the car in question from Bartlesville about February 27, 1919, and that the purpose of prevailing upon the plaintiff to be in his home was to wrongfully gain possession of the automobile. The evidence on the part of the defendant disclosed that the plaintiff signed and acknowledged before a notary public,a bill of sale on January 16, 1919, attempting to convey the title in the automobile to Jackson. The plaintiff asserts that the bill of sale was procured by the fraudulent representations of Jackson, that it was an application for a license for the car in question, and relying upon the representation she failed to read the instrument and by reason thereof, signed and delivered to Jackson the bill of sale in question. Patterson, the notary public who took the acknowledgment, testified that he advised the plaintiff that the instrument she was signing was a bill of sale to Jackson, and that he read to the plaintiff a considerable portion of the bill of sale, and thereupon the plaintiff signed and ackowledged the instrument which was delivered to Jackson. It appears from the evidence that on February 27, 1919, Jackson filed the bill of sale in the office of the county clerk of Washington county, and about the date named, took the automobile to the Buick agency at Oklahoma City. He requested the agency to sell the car, advising that he would apply the proceeds from the sale of the Hubmobile car, on the purchase of a Buick car. Pursuant to the notice of the Buick agency, the defendant Cole called at the Buick agency for examination of the car, and after causing a mechanic to examine the car, and after the expiration, of some three or four days, purchased the car, paying $1,000 cash. It appears from the evidence that the defendant paid a fair consideration for the car. Just prior to the sale Jackson advised a representative of the Buick agency that he had a bill of sale to the car, and could give a clear title to the purchaser of the car, and did execute and deliver his bill of sale for the car in question.

The cause was tried to a jury, and a verdict upon the issues returned in favor of the defendant. The plaintiff admitted that Cole was an innocent purchaser for value, and without notice of plaintiff's rights in the property, but asserts that as Jackson obtained the automobile wrongfully and fraudulently from the plaintiff, he did not take title from the latter to the property, and

therefore did not pass title to the defendant by the sale and delivery of the car, and is therefore entitled to the possession of the car as its owner.

Among the several errors assigned by plaintiff are the following:

(1) That the verdict of the jury is not supported by sufficient evidence.

(2) Error of the court in its instructions to the jury.

(3) Rejection of competent evidence and admission of improper evidence in the trial of the cause.

(4) Errors of law occurring during the trial and excepted to by the plaintiff.

The plaintiff relies upon the general proposition of law that the possessor of personal property cannot convey any greater right of ownership than he possesses. This is a sound and well established principle of law, but like all other general propositions of law, it has exceptions. So it will require a study of the instant case to determine whether this cause should receive the application of the general rule of law, or the exception. It is a well settled rule of law that the bailee receiving the custody and possession of personal property for a particular purpose, cannot, through the sale and delivery, pass the title of the bailor or owner of the property. Dows v. Milwaukee Nat. Exchange Bank (U. S.) 23 L. Ed. 214; Selma Com'r. Bank v. Hurt (Ala.) 19 L. R. A. 701; Burton v. Curyea (Ill.) 89 Am. Dec. 350; Chism v. Woods (Ky.) 3 Am. Dec. 740; Spooner v. Holmes (Mass.) 3 Am. Rep. 491; Commerce Nat'l. Bank v. Wisconsin Cent. Co. (Minn.) 46 N. W. 342, 9 L. R. A. 263; Smith v. Clews (N. Y.) 4 L. R. A. 392; Hamet v. Letcher (Ohio) 41 Am. Rep. 519.

The bill of sale from the plaintiff to Jackson, unaccompanied by delivery, would not be sufficient to pass the title from the plaintiff to Jackson, as it is the delivery of personal property, capable of delivery, that passes title, but the possession of the bill of sale coupled with that of the car was sufficient to vest Jackson with the indicia of ownership of the automobile. Kuykendall v. Lambert, 68 Okla. 258, 173 Pac. 657; Noe v. Smith 67 Okla. 211, 169 Pac. 1108; Phelps & Palmer Co. v. O. D. Halsell, 11 Okla. 1, 65 Pac. 340.

As the record in this case indicates that the possession by Jackson of the car in question was for the purpose of caring for same and teaching the plaintiff to drive the car, this, alone, would not be sufficient to enable Jackson to pass such a title as would defeat plaintiff's right to possession, and would continue to be the rule in this case, notwithstanding the delivery of the bill of sale from the plaintiff to defendant, if the bill of sale had been delivered by the plaintiff without fault upon her part. The record discloses that the plaintiff was a quarter-blood Indian, and able to read and write, and to understand the contents of an instrument, as the bill of sale in the instant case. It is apparent from the record that the plaintiff was not suffering from any physical disability at the time of signing the bill of sale, and could have ascertained its contents and purpose by reading it. The answers given by plaintiff in evidence indicate a person of normal intelligence, and capable of understanding the nature of the instrument she was signing if she had read it. If plaintiff had admitted that she understood the nature and contents of the instrument at the time of signing it, as between the parties the automobile would be clearly the property of the defendant. However, the rule announced by this court places the plaintiff in the same status as if she had read the instrument prior to signing it, and intentionally delivered same to Jackson, as the record discloses that plaintiff could have understood the nature of the instrument if she had chosen to read it. The rule of this court is that where a party is able to read, he is bound by the terms of the instrument which he signs, and negligence in failing to read the instrument will not relieve the person so signing from its terms. Therefore, plaintiff stands in the same status with reference to the defendant in this case, as if she had intended to execute and deliver the bill of sale for the car to Jackson. Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577; Ames v. Milam, 53 Okla. 739, 157 Pac. 941; Frizzel v. Milam, 53 Okla. 774, 157 Pac. 944; McNinch v. Northwest Thrasher Co., 23 Okla. 386, 100 Pac. 526.

In the case at bar the plaintiff, by permitting Jackson to retain possession of the car, although for the purpose of teaching her to drive the same, and by purposely or negligently delivering the bill of sale to Jackson, invested him with the indicia of ownership to the automobile. Jackson, being so invested with the indicia of ownership was able to pass title to his vendee to the exclusion of plaintiff's ownership, provided the vendee did not have notice of plaintiff's claims, and the plaintiff is

estopped to assert ownership to the property as against the defendant, Cole.

This conclusion does not conflict with the announced rule of law that the possessor of personal property cannot convey a greater title than he owns, as the case at bar falls within the exception to the general rule. The defendant, Cole, derives his title from the plaintiff by reason of the conduct of the latter in purposely or negligently investing Jackson with the indicia of ownership of the property in question in the manner herein set forth. McNeil v. New York Nat'l Bank (N. Y.) 7 Am. Rep. 341. Strictly speaking this is merely a special application of the broad equitable rule that where one of two innocent persons must suffer loss by reason of the fraudulent or deceitful acts of another, the loss shall fall on him by whose act or omission the wrongdoer has been able to commit the fraud. O'Conner v. Clark (Pa.) 29 L. R. A. 607. In the case at bar it is clear that it was either the wrongful act of the plaintiff, or her negligence in failing to read the instrument, coupled with the possession of the car by Jackson, that placed the latter in a position to hold himself out as the real owner of the property. Therefore, as between the plaintiff and defendant, the foregoing rule would give the property to the defendant.

The court instructed the jury in substance that if it found that Jackson procured the bill of sale in question and possession of the automobile without fault or negligence on the part of the plaintiff, that their verdict should be for the plaintiff, and on the other hand instructed the jury that if it found from the evidence that the plaintiff had delivered the possession of the automobile to Jackson for the purpose of caring for it, and that, being able to read and write, she intentionally executed and delivered the bill of sale to Jackson, or negligently signed and delivered the bill of sale, then a verdict should be for the defendants. We think the foregoing instructions fairly and correctly submitted the issues to the jury, and the verdict being for the defendant, this court will not set it aside, if there is any testimony that reasonably tends to support the judgment of the court. Silverwood v. Carpenter, 51 Okla. 745, 152 Pac. 381; C. R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096; Kinney v. Williams, 66 Okla. 167, 168 Pac. 196; Oklahoma State Bank of Caddo v. Airington, 68 Okla. 160, 172 Pac. 462; Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164; Epps v. Ellison, 82 Okla. 224, 200 Pac. 160; Bunker v. Harding, 70 Okla-

homa, 174 Pac. 749; Blasdel v. Gower, 70 Oklahoma, 173 Pac. 644; Shawnee Nat. Bank v. Pool, 66 Okla. 145, 167 Pac. 994; C., R. I. & P. Ry. Co. v. Pruitt, 67 Okla. 219, 170 Pac. 1143.

The plaintiff in error does not set out in her brief the testimony complained about, nor the portions of the argument made by the defendant to the jury to which exception was taken, and we are unable to determine to what parts of the evidence and argument reference is made, however, we have carefully examined the entire record and find that the cause was fairly tried and submitted by the court in all particulars, and that no errors were committed in the receiving or rejection of the testimony that prejudiced the rights of the plaintiff in error.

We recommend that this cause in all matters be affirmed.

By the Court: It is so ordered.