### WHITE v. KINCAID et al.

No. 13917—Opinion Filed Sept. 23, 1924.

**Contracts—Binding Effect—Signing in Ignorance of Contents.**

One is not relieved from the obligations of a written contract by reason of having signed it in ignorance of its contents unless his signature was procured by fraud or mistake. Ames v. Milam, 53 Okla. 739, 157 Pac. 941; Frizzell v. Milam, 53 Okla. 774, 157 Pac. 944.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by G. A. Kincaid and Felix Gibson against S. O, White. Judgment for plaintiffs, and defendant appeals. Affirmed.

H. B. Lockett, for plaintiff in error.

J. P. Speer and E. H. Bond, for defendants in error.

Opinion by RAY, C. This is an action to recover on a promissory note and to foreclose a mortgage given to secure it. The defense offered is so clearly stated in the brief of plaintiff in error, defendant below, that we have adopted that statement, as follows:

"The defense in this case was based upon the misunderstanding and mistake on the part of the defendant growing out of an intentional or unintentional misconduct of the attorney preparing the note and mortgage. This attorney and the defendant had been closely related for several years as attorney and client. This attorney had been familiar with the facts in this case and with the contract and agreement between the plaintiffs and defendant in this matter, and according to the defendant's testimony he had relied upon this attorney to prepare a contract that would protect both parties and secure to each of them their interest in the property in question according to the agreement under which the property was obtained. But after the instruments had been prepared and executed, the defendant for the first time became advised of the fact that this attorney was representing the interests of the plaintiff as against his interest. Not knowing this fact, and believing that this attorney was representing him in the transaction he relied solely upon this attorney and his confidence in him in the execution of these instruments without reading them or investigating them for himself."

It is not contended that the attorney practiced any fraud or made any misrepresentations to the defendant whatever. It is admitted that the defendant signed the note and mortgage, but it is contended that the attorney had been instructed to prepare an instrument setting forth the respective interests of the parties in and to certain land, the record title of which was in the defendant, and that the defendant, by relying upon the attorney to prepare the instruments as instructed, and by failing to read the instruments before he signed them, had signed instruments which did not express the intentions of the parties. Stated differently, the contention is that while the defendant intended to sign but one instrument setting forth the respective interests of the parties, by failing to read the instruments prepared, signed three instruments, one the deed to the plaintiffs conveying to them a one-half interest in and to the oil rights, of which no complaint is made, one a promissory note, and one a mortgage given to secure the note. Counsel for defendant, plaintiff in error, contends that the evidence which supports this contention was entitled to go before the jury, whether believable or not, and that the court erred in directing a verdict for the plaintiffs. It is not contended that the defendant was unable to read or write, or that he was in any way precluded from reading the documents before he signed them, or that any fraud was practiced or misrepresentations made. The evidence shows that he could not only read and write, but that he was an intelligent

man of considerable business ability. No authority has been called to our attention where it has been held that the mere failure to read a promissory note before signing is, in the absence of proof of fraud or misrepresentation, 'sufficient to invalidate the instrument.

"One is not relieved from the obligation of a written contract by reason of having signed it in ignorance of its contents unless his signature was procured by fraud or mistake." Ames v. Milam, 53 Okla. 739, 157 Pac. 941; Frizzell v. Milam, 53 Okla. 744, 157 Pac. 944.

The contention that the note and mortgage were executed without consideration is without merit. The evidence shows that the defendant bought the tract of land for $6,000 and drew draft upon himself for that amount in payment, he to have a certain number of days to approve the abstract before payment of the draft. He then induced plaintiffs to pay the draft. The execution of the three instruments, the deed to one half of the mineral rights, the promissory note, and the mortgage to secure it, was for the purpose of settling the claim of the plaintiffs for the expenditure of that $6,000. While there is some testimony to the effect that there was an original agreement between the parties by the terms of which the defendant was to negotiate for the purchase of an oil lease on the land, and the plaintiffs were to furnish the money to pay for it, and, after a sale of the lease, then in contemplation. the plaintiffs were to be reimbursed the money paid, and the profits divided equally between plaintiffs and defendant, but the defendant, instead of securing an oil lease to plaintiffs, secured title in fee to himself. The sale of the oil interest not being made, they settled their controversy by the execution of the instruments above referred to. We think the evidence shows that there was a consideration for the note and mortgage, and no evidence was offered even tending to invalidate these instruments.

The judgment should be affirmed.

By the Court: It is so ordered.