DUTY et al. v. TEXAS-CUSHING OIL & DE-
VELOPMENT CO. et al.
(No. 1342.)

(Court of Civil Appeals of Texas. El Paso.
May 19, 1922. Rehearing Denied
June 15, 1922.)

1. Appeal and error ☞79(1)—Judgment in re-
plevin for sale of sufficient property to pay
liens and giving title and possession of bal-
ance to plaintiffs held final.

In an action for possession of casing against
an oil company and others claiming a labor lien
in the casing, where the company filed a general
denial, but did not further contest plaintiffs'
title, and the only contention was between
plaintiff and defendants claiming the lien, and
where the judgment did not make disposition
of the issue of title as between plaintiffs and
the company, and the only reference in the
judgment to the title and right of possession
of plaintiffs to the property was made in the
direction in the judgment to the order of sale
that only sufficient of the property should be
sold to satisfy the lien judgment, and reciting
"that in the event there should be more than
sufficient property when sold to satisfy the
lien judgment, then in that event plaintiff have
judgment for the title and possession of the
property described," the judgment had sufficient
finality to support an appeal.

2. Mines and minerals ☞112(3)—Oil well cas-
ing purchased before labor for the seller was
performed held not subject to lien for such
labor filed against seller.

Vernon's Ann. Civ. St. Supp. 1918, art.
5639a, providing that laborers who under con-
tract with the owner of any gas, oil, or mineral
leasehold interest in land shall perform labor
in digging, drilling, etc., shall have a lien on
the whole of such land or leasehold interest
therein, or lease for oil and gas, and the build-
ings and appurtenances, etc., for which the la-
bor was performed, does not provide for a lien
on property other than that of the owner
of the oil well, leased premises, or person with
whom the contract for labor was performed,
and hence oil well casing purchased before la-
bor for the seller was performed was not sub-
ject to a lien therefor filed against the latter
pursuant to section 5639d, though the seller
retained possession and was given a permis-
sive right to use it while digging the well, and
an option to repurchase in the event that oil
was developed.

Appeal from District Court, Jones County;
W. R. Chapman, Judge.

Action by W. S. Duty and others against
the Texas-Cushing Oil & Development Com-
pany and others. From judgment for defend-
ants, plaintiffs appeal. Reversed and ren-
dered.

Davenport & Hardwick, of Stamford, for
appellants.

J. E. Robinson, of Anson, Stinson, Coombes
& Brooks, of Abilene, and M. S. Long, of
Albany, for appellees.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALTHALL, J. This suit was brought by
appellants, W. S. Duty, M. A. Prewitt, and
M. H. Courtney, as trustees for and in be-
half of the stockholders of the Eureka Coal
& Mineral Company, a dissolved Kentucky
corporation, against the appellee Texas-Cush-
ing Oil & Development Company, a Missouri
corporation doing business in Texas, the last-
named company hereinafter referred to as
the "oil company," and L. E. Wilhite, F. L.
Shuman, H. O. Poe, and F. K. Wilcox, Jr.
The individuals named are hereinafter refer-
red to as Wilhite et al.

Appellants, by their suit, sought to recover
the possession of certain oil well casing fully
described in their petition, alleging that said
Eureka Coal & Mineral Company, and of
which they were trustees, had purchased
said property as personal property from said
oil company on the 18th day of September,
1919, for a valuable consideration then paid,
taking a bill of sale thereto, which bill of
sale on said date was filed for record with
the county clerk of Shackelford county on
the 7th day of April, 1920; that said prop-
erty was still in the possession of said oil
company in Shackelford county, at its oil
well known as Proctor No. 1. Appellants
further alleged that said Wilhite et al. were
asserting some sort of claim or lien on said
property, and they were joined as defend-
ants that the rights of all parties might be
determined at the same time and in the one
suit. Appellants prayed for title and posses-
sion of said property free of any claims or
liens of any of the defendants in said suit.
The oil company appeared and answered
by general demurrer and general denial, but
introduced no evidence and participated no
further in the suit. Wilhite et al. jointly
answered by general demurrer, general de-
nial, and filed a cross-action against the
oil company, alleging that during the peri-
od of time from May 6, 1920, to March 9,
1921, they, severally, had worked as laborers
by the day and mechanics for the oil com-
pany at the well where said property was
situated in Shackelford county and for which
payment for their services were still due
them by said oil company; alleged that they
had filed and fixed their respective laborer's
lien on said property as provided by article
5639a et seq., Vernon's Texas Civil Statutes;
attached to said answer as parts thereof as
exhibits certified copies of their verified
claims for liens, the several amounts due
each as set out in the attached accounts, the
total amount as claimed to be due and ow-
ing them from defendant oil company
amounting to the sum of $12,000. Wilhite
et al. further alleged that the property in
controversy and described in the said bill
of sale from oil company to appellants was
never actually delivered, but continued to
remain in the possession of and used as

their property by the oil company, and that they had no notice of the claim of appellants to said property; that by reason of the facts pleaded and shown they have a lien superior to the claim of appellants, and pray that same be foreclosed.

The case was tried without a jury, resulting in a judgment in favor of Wilhite et al. on their cross-action, fixing and establishing in their favor, each, the several amounts of their accounts, the laborer's lien on said property, and directing a foreclosure of same. Appellants excepted and gave notice of appeal. The oil company presents no appeal.

The trial court made · and filed the following findings of fact; and, no question having been raised as to the sufficiency of the evidence to sustain same, we adopt the findings as the findings of this court.

(1) September 18, 1919, the Eureka Coal & Mineral Company, a Kentucky corporation, purchased from Texas-Cushing Oil & Development Company, for a valuable consideration, the oil well casing in litigation.

(2) The Eureka Coal & Mineral Company is a dissolved corporation, and the plaintiffs were the directors of said corporation, and are now the acting trustees for the stockholders of said corporation.

(3) The oil well casing in litigation, together with other property, was transferred by written bill of sale dated September 18, 1919.

(4) The bill of sale was acknowledged by the president of the Texas-Cushing Oil & Development Company, but not in strict compliance with Texas laws.

(5) The bill of sale has on the back of it the following indorsement: "Filed for record at 8 a. m. Apr. 7, 1920, Jesse L. English Co. Clerk, by E. Morris, Deputy."

(6) The oil well casing in litigation was, on the date of the bill of sale, in possession of Texas-Cushing Oil & Development Company and has remained in its possession continuously since that time, in Shackelford county, Tex.

(7) The Texas-Cushing Oil & Development Company has never delivered possession of the oil well casing to plaintiffs nor Eureka Coal & Mineral Company.

(8) The oil well casing has never been in possession of plaintiffs nor Eureka Coal & Mineral Company.

(9) Wilhite et al. never had notice that plaintiffs claimed the oil well casing until after they had performed the labor mentioned in their answers.

(10) The oil well casing in litigation was used by the Texas-Cushing Oil & Development Company in the oil well upon which defendants Wilhite et al. performed the labor mentioned in their answers.

(11) Plaintiffs, at the time Wilhite et al. were performing the labor mentioned in their answers, knew the labor was being performed by defendants, Wilhite et al., for Texas-Cushing Oil & Development Company upon an oil well in which the well casing in litigation was being used.

(12) The oil well casing is personal property. In subsequent findings the court found severally as to each of the defendants Seaman, Coe, Sherman, and Wilhite that on March 10, 1921, each, in due form, filed his affidavit for laborer's lien against Texas-Cushing Oil & Development Company for labor performed on the oil well in which the oil well casing in litigation was used, stating the amount due each, and that the amounts found had not been paid, said several amounts were carried into the judgment as rendered, in favor of appellees, severally, and against the Texas-Cushing Oil & Development Company, and foreclosing the laborer's lien on the property as to all parties.

[1] The first proposition submits the want of finality in the judgment. Appellants sue the oil company for title and possession of the property described. The oil company answered by a general denial. There was no contention on the trial as between appellants and the oil company other than the filing of the general denial, either in the evidence or in its effect, as to appellants' title or their right to recover possession of the property. The only contention made in the case, both as to pleading and evidence, and the court's findings, was between appellants and Wilhite et al. on the issue of the laborer's lien. The oil company made no answer to the claims of Wilhite et al. either as to the amount or the lien claimed.

The judgment does not specifically make disposition of the issue of title or right of possession of the property as between appellants and the oil company. The only reference in the judgment to the title and right of possession of appellants to the property is made in the direction in the judgment to the officer executing the order of sale and directing that only sufficient of the property should be sold to satisfy the judgment, and reciting:

"That in the event there should be more than sufficient property when sold to satisfy defendant's judgment, then and in that event plaintiffs have judgment for the title and possession of such property as described in their petition, not sold to satisfy said defendants' judgment against the Texas-Cushing Oil & Development Company."

The judgment is also defective in several particulars not pointed out by appellants. Appellants made no objection or exception to the judgment, except as to its features in fixing and foreclosing a laborer's lien on the property in favor of Wilhite et al. We have found it difficult to reach a satisfactory disposition of the question presented. We feel constrained, however, to hold that the judgment, though imperfect, has sufficient

merit of finality to support the appeal. The judgment, in our opinion, should be construed to mean that appellants have the title to the property in question and the right of possession, as to the oil company, but subject to the laborer's lien and its foreclosure.

[2] Propositions 2, 3, 4, and 5, in effect, submit that, by the purchase of the property by the Eureka Coal & Mineral Company from the oil company, on September 18, 1919, as evidenced by the bill of sale of that date, the corporation of which appellants are trustees became the owner of the property in question and the laborer's lien as provided by chapter 17 of the Acts of the Thirty-Fifth Legislature, Regular Session, and now embraced in articles 5639a et seq. Vernon's Texas Civil Statutes, does not provide or make possible the fixing of a laborer's lien on property other than that of the owner of the oil well, or person with whom the contract for labor was performed.

The trial court recognized the property to be personal property, and title to the property to be in the Eureka Coal & Mineral Company by reason of its purchase on the 18th of September, 1919, but by reason of a defective acknowledgment and registration, and, possibly, continued possession and use of the property by the oil company, Wilhite et al. had no notice of the change of ownership of the property, and so held that their liens were valid liens. There is no suggestion in the record of fraud in the sale of the property to appellants, nor that the transfer of title to the property contained any precedent or concurrent conditions that prevented the immediate passing of title, nor want of identity of the property transferred. The taking of the bill of sale was not necessary to a purchase of the property. Even where the statute requires a written transfer of personal property in effecting a sale, as in the sale of live stock the courts have uniformly held that the written transfer of title, or bill of sale, takes the place of delivery. The record shows beyond question that appellants were the owners of the property from and after the 18th day of September, 1919. The oil company, under the uncontradicted evidence, had only a permissive right of use of the property while digging the well. There was an understanding between the two companies that in the event oil was developed, the oil company had an option to repurchase the casing in the well. The propositions present the further question: Did the filing of a laborer's lien by Wilhite et al. in March and April, 1921, have the legal effect of fixing such lien upon the property in question?

In the affidavit of each claimant for a lien it is stated that the labor was performed for the Texas-Cushing Oil & Development Company; that the claimant was informed that said company was the owner of the property,

describing it, that the notice had been given in accordance with the articles of the statutes requiring notice to the owner. The accounts filed and made the basis of the several claims for the laborers' liens show the work to have been done for the oil company, and by the day, and, beginning in the month of November, 1920, and continuing through the succeeding months, some closing with January, 1921, and others extending up to the time of filing the claim in March and April, 1921. As to the time when payment was to be made, the evidence was that there was no particular day; the custom in the oil field was to "pay when they had it." Article 5636, of the Revised Civil Statutes, referred to and made a part of 5639d, provides that when labor is performed by the day or week, then the indebtedness shall be deemed to have accrued at the end of each week during which labor is performed. By article 5622, R. S., also made a part of article 5639d, in order to fix the lien, the day-laborer must file his itemized account of claim in 30 days after it accrues.

If an enforceable lien has been fixed on the property in question it must have been by reason of the provisions of the statute as found in articles 5639a et seq. Article 5639a, as it applies to the facts here, provides that:

"Any person, * * * laborer, or mechanic, who shall, under contract, express or implied, with the owner of any * * * gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or owner of any oil or gas pipe line right of way, or with the trustee, agent or receiver of any such owner, perform labor or furnish material * * * used in the digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well * * * shall have a lien on the whole of such land or leasehold interest therein, or oil pipe line or gas pipe line, including the right of way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished, and upon said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which same are furnished, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right of way therefor, for which said material and supplies were furnished or labor performed. Provided, that if labor supplies, machinery, or material is furnished to a leaseholder the lien hereby created shall not attach to the underlying fee title to the land."

From the above several provisions of the statute it is apparent: That the laborer's lien as provided for does not provide or make possible the fixing of a lien on the property other than that of the *owner of the oil well, leased premises, or person with whom the contract for labor was performed.* And that

to fix the lien upon any of the properties the itemized account must be filed within 30 days after the same shall have accrued. The itemized accounts filed show that the labor performed and for which the lien is sought was performed for the oil company, under a contract with the oil company, and long subsequent to the purchase of the casing in the well by appellants.

The evidence is conclusive that the labor done was for the oil company, and under contracts with the oil company, then owning or operating under a lease the premises upon which the oil and gas well was being dug, and that the casing, the property in controversy, was owned by appellants, and had so been owned for a year before the labor performed by Wilhite et al. had commenced. The uncontroverted evidence is that it is often the case in the oil fields that the oil or gas well, and the casing in the well, are owned by different persons.

We have concluded, for reasons stated, that the court was in error in adjudging that appellees have a lien upon the property sued for and described in appellants' petition, and in ordering a foreclosure of such lien.

The above holding renders unimportant the remaining propositions.

For reasons stated the judgment of the trial court is reversed in so far as it undertakes to fix and foreclose a laborer's lien on the property described in appellants' petition, and as to said property judgment is here rendered for appellants. As to all other matters the judgment of the trial court is affirmed.