Note.—See under (1) 40 Cyc. p. 1358. (2) 40 Cyc. pp. 1028, 1041, 1042, 1331; anno. 27 L. R. A. (N. S.) 1; L. R. A. 1915A, 444; 7 A. L. R. 562; 8 A. L. R. 1375; 28 R. C. L. pp. 100, 102; 3 R. C. L. Supp. p. 1558; 5 R. C. L. Supp. p. 1512. (5) 40 Cyc. p. 1358.

## COMMERCIAL OIL CORP. v. LUMPKIN et al.

No. 13914—Opinion Filed March 24, 1925.

Rehearing Denied Sept. 29, 1925.

(Syllabus.)

1. Oil and Gas—Mechanics' Liens on Leasehold.

In looking to the development of an oil and gas leasehold, contracts made by the owners thereof with the persons referred to in sections 7464 and 7466, Comp. St. 1921, as contractors, subcontractors, laborers, and materialmen, must be construed in reference to said sections, and where the person claiming a lien under said sections falls within the said classifications, and the amount due is not paid, the person rendering such service or furnishing such material is entitled to a lien upon the leasehold and the equipment thereon.

2. Same—Lien on Machinery of Third party Hauled onto Leasehold.

Where a person is employed by a contractor through his agent or his subcontractor to haul machinery from one point off a leasehold for oil and gas purposes, onto the leasehold, which machinery is to be used for the development of said property for oil and gas purposes, and the price agreed upon is not paid, the person who performs such labor is entitled to a lien therefor, not only upon the leasehold, but upon the machinery, equipment, etc., located thereon. And where the owner of such machinery permits a contractor or his subcontractor or agent to deal with such machinery by employing another to haul the same as if it belonged to the contractor, his agent or subcontractor, as herein above indicated, and the hauling is done as per the contract, and the real owner thereof does not put the person doing the hauling on notice of his ownership thereof, he will not be permitted to set up his ownership for the purpose of depriving the laborer of the lien granted him by said sections 7464 and 7466, Comp. St. 1921.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by H. F. Alexander against Sid Lumpkin et al. (Commercial Oil Corporation, intervener), and action by the Commercial Oil Corporation against Sid Lumpkin et al., consolidated. From the judgment the Commercial Oil Corporation brings error, with cross-petition by Lumpkin and others. Affirmed.

Sandlin & Winans, for plaintiff in error.

J. P. Speer, for defendant in error.

C. L. McArthur, for cross-petitioners in error.

BRANSON, V. C. J. The appeal herein is from a judgment determining the issues in two cases consolidated.

In June, 1919, the North American Oil & Refining Company, a corporation, acquired a lease on certain land in Stephens county, Okla. It made a contract with one Helis to drill a well 2,600 feet, for one-half of a certain portion of said leasehold. Helis in turn contracted with Howard and Lumpkin to drill the well for one-eighth and $400 per month—Helis retaining supervision. A rotary drill rig was necessary. One Sproles owned such a rig in the state of Texas, and Howard and Lumpkin contracted with him that he should have one-eighth in the same leasehold for the use of said drill rig, the cost of moving the same from Texas to Stephens county, Okla., to be paid by them. Howard and Lumpkin agreed with H. F. Alexander that he should be paid $1,900 for moving the same. Alexander did his work, but, failing to get his money, filed a lien on the leasehold, including the drill rig, and later filed suit to foreclose the same. As intervener, the Commercial Oil Corporation, having in the meantime acquired the interest of the said Helis, prayed that Alexander's claim should be satisfied out of the interest of Howard and Lumpkin and Sproles. That was suit No. 1.

Later the Commercial Oil Corporation filed a suit, to which the parties in said suit No. 1 were also parties. It sought thereby to cancel the contract made by the said Helis with Howard and Lumpkin, and the contract made by them with the said Sproles, the grounds pleaded for such relief being false and fraudulent representation made by them to Helis to induce the contract, and their failure to carry out the same, imputing to Sproles full knowledge of the Helis contract with Howard and Lumpkin and their failure to comply therewith. In his separate answer, Sproles claimed affirmative relief for his interest in the lease, and $1,000 alleged damage to his rotary drill rig. In their separate answer, Howard and Lumpkin pleaded the contract of Helis, and that their dereliction, if any, was due to the mismanagement of Helis, and prayed for their contract interest in the leasehold. This was suit No. 2.

On trial, a jury being waived, judgment was entered that Howard and Lumpkin owned one-sixteenth of the lease, subject to a lien of the Commercial Oil Corporation, to an amount specified, expended by it, for which the interest of said Howard and Lumpkin was liable; that Sproles owned a one-sixteenth interest in the lease, subject to a lien in the same amount, but offsetting the lien against Sproles' interest to the amount of $750 adjudged as damage to his drill rig; that Alexander have judgment against Howard and Lumpkin for $1,900, legal interest and attorney fees, a lien therefor against the interest in the leasehold of Howard and Lumpkin, and Sproles, and on the drill rig, and also on the interest of the Commercial Oil Corporation; the interests of the parties on which such lien was fastened to be subjected thereto in the order just named.

The Commercial Oil Corporation appeals: Howard and Lumpkin and Sproles have filed cross-petitions in error. Alexander filed no cross-petition in error, and therefore the question of the extent of the lien granted him as found by the trial court is not here.

The plaintiff in error and the cross-petitioners in error make their principal fight against Alexander, and to the effect that as a matter of law he had no lien as decreed by the trial court. Briefly, the leasehold owner contracted with Helis to put down the well; he in turn employed Howard and Lumpkin for said money compensation, $400 per month, and said interest in the leasehold, to assist him; in fact they representing him in doing the work, among which was contracting with Alexander. Helis retained complete supervision over the work which Howard and Lumpkin were to do, and in this capacity they made the said arrangement with Alexander to move the rotary drill rig from the state of Texas. This contention draws directly in question sections 7464 and 7466, Comp. St. 1921. The contention as made against Alexander by parity of reason is fairly determined by this court in the case of Cleveland v. Hightower, 108 Okla. 84, 234 Pac. 614. A further contention that the lien claim and petition insufficiently state the names of the owners of the leasehold and the contractor is, in the absence of a motion to make more definite, without substantial merit, and good against a demurrer. The other contention raised goes to the introduction of a certified copy of the lien claim, in that it shows items of service for which no lien is allowed by law, and raises in another way the legal right to a lien, and is fully disposed of by the above cited case, Cleveland v. Hightower. The objection was "incompetent, irrelevant and immaterial." It did not

point out the defect in the names of the parties, which might have been amended.

Cross-petitioner Sproles insists the lien given on his drill rig was without the pale of the law in that he was not a party to the contract made by Howard and Lumpkin with Alexander. We think this contention is spoiled by the fact that Sproles knew that it would cost considerable money to move said rig from Texas, and that he allowed Howard and Lumpkin to deal with said rig as if they were the owners thereof, and gave Alexander no information to the contrary. We think that Alexander's rights as to the same, in the absence of anything to put him on notice that the rig belonged to Sproles, were on the same basis as if it had actually belonged to Howard and Lumpkin.

The contentions between the plaintiff in error and cross-petitioners in error as to the development made at the expense of plaintiff in error for which the interests of the cross-petitioners in error were held by the trial court to be liable pro rata are sustained by the record. The further alleged error of improper cross-examination of Helis affected no substantial interest to the detriment of complaining parties.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.