## OSAGE OIL & REFINING CO. v. GORMLEY.

No. 16749—Opinion Filed Oct. 19, 1926.

Rehearing Denied Jan. 25, 1927.

**1. Contracts—Oral Stipulations Superseded by Written Contract.**

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of facts.

**2. Oil and Gas—Statutory Lien for Laborer Hauling Casing onto Leasehold.**

He who, as a laborer under agreement with the owner of an oil and gas lease, hauls with his team casing from a point off a leasehold onto a leasehold for oil and gas purposes, which casing is to be used as a part of the machinery or equipment for drilling a well on such leasehold, is entitled to a lien for the agreed amount, as a laborer, under the applicable provisions of sections 7464 and 7466, C. S. 1921.

**3. Same—Oil Well Casing Construed as "Machinery."**

While oil well casing could not be considered "machinery" in the restricted sense of that term, but within the meaning of section 7464, C. S. 1921, casing being a device or means which is necessary to accomplish the desired result, to wit, drilling and development of the leasehold for oil and gas, it falls within the meaning of the Legislature in its use of this term.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; John L. Norman, Judge.

Action by C. F. Gormley et al. against the Osage Oil & Refining Company et al. to foreclose a lien for constructing an oil field derrick, consolidated for trial with an action by G. A. Caufield to recover for drilling an oil and gas test well. Judgment for plaintiffs, and defendant Osage Oil & Refining Company brings error. Affirmed.

J. E. Whitehead, for plaintiff in error.

George H. Jennings, and Hughes, Foster & Ellinghausen, for defendants in error.

Opinion by PINKHAM, C. The defendant in error, C. F. Gormley, instituted his action as plaintiff in the district court of Creek county against the Smith Oil Corporation, Pure Oil Corporation, Quaker Oil & Gas Company, S. L. Johnson, D. W. Falconer, Wm. Heard, and the Osage Oil & Refining Company, to recover the sum of $3,238, with interest, and the sum of $1,000 attorneys' fees, and for the foreclosure of a lien for the construction of an oil field derrick upon a certain described oil and gas mining lease, and all equipment and material thereon.

Thereafter the defendant in error J. W. Sheppard, with leave of court, filed his answer and cross-petition to recover the sum of $1,972.58, with interest, and for the further sum of $250 as a reasonable attorney's fee, for services and labor performed in teaming and hauling casing and other oil well supplies to the leasehold estate involved in this action.

Thereafter the defendant in error G. A. Caufield instituted an independent action in said district court to recover the sum of $4,090 for the drilling of an oil and gas test well upon the said oil and gas mining lease. This Caufield case was, by order of the court, consolidated with the case of C. F. Gormley v. Smith Oil Corporation et al., and said cause proceeded to trial as a consolidated action.

The original action was instituted on the 10th day of May, 1921, and upon the first trial of the cause, judgment was rendered in favor of the defendants in error C. F. Gormley, J. W. Sheppard, and G. A. Caufield against each defendant in the original action.

The motion for a new trial filed by the plaintiff in error, Osage Oil & Refining Company, was by the court sustained. The cause was again set for trial on the 3rd day of March, 1925, at which time it was stipulated and agreed in open court that each of the defendants in error had obtained a judgment against the Smith Oil Corporation for the amount of their respective claims, and fixing such judgments as a lien upon the leasehold estate involved in this action, "which judgment has become final and has not been appealed from by the Smith Oil Corporation nor the other codefendants."

It was also stipulated and agreed between the said parties:

"That there has been no judgment or order made in this case, now in force, that affects the issues between the Osage Oil & Refining Company and the other defendants.

The judgments heretofore rendered and now final in this action are dealing wholly with the rights of parties other than the Osage Oil & Refining Company, and differences between the Osage Oil & Refining Company and all parties now before the court (defendants in error C. F. Gormley, J. W. Sheppard and G. A. Caufield) are to be litigated out at this time."

At the conclusion of the trial on this branch of the case, the court rendered judgment in favor of the defendants in error C. F. Gormley, G. A. Caufield and J. W. Sheppard, declaring the amounts so due to them to be a lien upon the oil and gas mining lease involved in this action, and upon all material and other equipment upon said leasehold estate, including the casing claimed by the Osage Oil & Refining Company, plaintiff in error, and adjudging the foreclosure of said liens, but denying to each of said defendants in error a personal judgment against the Osage Oil & Refining Company, plaintiff in error herein.

The Osage Oil & Refining Company filed its motion for a new trial, which motion was by the court overruled and exception saved. From the order of the court overruling the Osage Oil & Refining Company's motion for a new trial, and from the judgment of the court the plaintiff in error has duly appealed to this court by petition in error and case-made attached.

For reversal of the judgment the principal proposition presented and discussed by counsel for the Osage Oil & Refining Company, plaintiff in error, is that the trial court erred in allowing the defendants in error Gormley, Sheppard, and Caufield a lien upon the casing used by the Smith Oil Corporation in drilling the well upon the lease in question.

The record discloses that the defendant in error Gormley made a contract with the Smith Oil Corporation on the 18th day of January, 1921, for the building of a rig upon the said lease, and completed the same and was allowed a lien upon the said casing; the defendant in error Sheppard hauled this casing and other oil well supplies out to the well on the lease under an oral contract made on or about February 2, 1921, with the Smith Oil Corporation; and the defendant in error Caufield and his associates claimed a lien on the casing in question, among other things, for a balance due for drilling the well under contract with the Smith Oil Corporation made on February 4, 1921.

It is contended that neither Gormley, Sheppard, nor Caufield were entitled to a lien upon this casing. The argument is that the

Osage Oil & Refining Company was the owner of the casing, and that, as it is conceded that none of the defendants in error, the lien claimants, had a contract with the Osage Oil & Refining Company, if they were entitled to a lien it was upon the leasehold only and not upon the casing. It is further contended that casing is not subject to a lien and that teaming and hauling of casing upon the leasehold is not a lienable debt.

It is conceded that the well in which this casing was used was a nonproducer, and that the leasehold is worthless in this case. Counsel for plaintiff in error says in his brief: "No contention is made pro or con as to this leasehold."

Section 7464, C. S. 1921, provides:

"Any person. * * * who shall, under contract express or implied, with the owner of any leasehold for oil and gas purposes * * * perform labor * * * used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall * * * perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, * * * of any gas well shall have a lien upon the whole of such leasehold, * * * or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures, and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. * * *"

The status of this casing is best determined from a consideration of a certain written contract entered into by and between the Osage Oil & Refining Company, plaintiff in error, and the Smith Oil Corporation, concerning the lease involved in this action. The said contract was executed by the president of the Osage Oil & Refining Company, and is the only contract ever executed and filed of record between the two companies. This contract was introduced in evidence and shows that it was filed of record in the office of the county clerk of Creek county on the 7th day of April, 1921, being as follows:

"This agreement, made and concluded this the 5th day of April, 1921, by and between Smith Oil Corporation, party of the first part, and the Osage Oil & Refining Company, a corporation, party of the second part, witnesseth:

"Whereas, the party of the first part is the owner of a good and valid oil and gas mining lease assigned from the Pure Oil Company, covering the west half (W.½) of the northwest quarter (N. W. ¼) of section 4, township 18 north, range 10 East, in Creek coun-

ty, Okla., which said lease and assignment is deposited in escrow with the First National Bank of Tulsa, Okla., to be delivered to the Smith Oil Corporation, when it completes upon said property an oil well to paying production, or to a depth of 2,700 feet, which said well is now being drilled, and

"Whereas, the party of the second part is furnishing the casing for the drilling of said well in consideration of an assignment of an undivided one-fourth (¼) interest in said oil and gas lease covering said 80 acres of land:

"Now, therefore, for and in consideration of the sum of one ($1) dollar, in hand paid receipt of which is hereby acknowledged, and in further consideration of the furnishing of all of the casing needed for the drilling of said well, we, the undersigned, Smith Oil Corporation, do hereby sell, transfer, assign and set over unto the Osage Oil & Refining Company, party of the second part, an undivided one-fourth (¼) interest in said oil and gas lease covering the said 80 acres of land, subject only to the terms of the escrow agreement by which said lease is deposited in the said First National Bank of Tulsa, Okla."

The president of the plaintiff in error, Osage Oil & Refining Company, testified that by virtue of this contract his company received an assignment of a one-fourth interest in the lease, but that no separate assignment was ever executed.

The plaintiff in error, over the objections of the defendants in error, introduced evidence as to certain conversations and correspondence between the Osage Oil & Refining Company and the Smith Oil Corporation, relative to the furnishing of the casing used in the drilling of this well, and sought to show thereby that the Osage Oil & Refining Company was furnishing the casing for an undivided one-fourth interest in the lease, but that title should remain in the Osage Oil & Refining Company until said casing had been paid for by the Smith Oil Corporation. These conversations and private correspondence between the Osage Oil & Refining Company and the Smith Oil Corporation were to the effect that the Osage Oil & Refining Company would loan to the Smith Oil Corporation the casing in question, in consideration of an undivided one-fourth interest in the lease. These conversations and private correspondence were all had prior to the execution of the written contract between the Osage Oil & Refining Company and the Smith Oil Corporation, and the record discloses that the trial court expressly held that it was not permitting such testimony to be introduced for the purpose of varying the terms of that contract.

There is no statement or clause in the said contract from which an inference could be drawn that the Osage Oil & Refining Company was simply loaning the casing to the Smith Oil Corporation. The said contract, as before stated, was filed of record on the 7th day of April, 1921. The plaintiff in error testified that none of the defendants in error had any knowledge or notice of the conversations and letters between the Smith Oil Corporation and the Osage Oil & Refining Company, and that the only instrument filed for record concerning the plaintiff in error company and its casing was the contract entered into by the parties on the 5th day of April, 1921.

It is a well-settled rule of law that the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter, which preceded or accompanied the execution of the instrument in the absence of accident, fraud, or mistake of fact. Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057; Norris v. Richards, 105 Okla. 269, 232 Pac. 796.

The written contract between the Osage Oil & Refining Company and the Smith Oil Corporation of April 5, 1921, obligated the Smith Oil Corporation to incur the particular debts for which liens are claimed in this action, and it knew that it would be necessary for the Smith Oil Corporation to provide a derrick before the drilling of said well could be commenced; that it would be necessary for the casing to be moved from the Osage Nation to the oil and gas lease involved in this action, and the plaintiff in error further knew that it would be necessary to secure the services of a drilling contractor in the drilling and completion of said well.

Furthermore, it clearly appears that the plaintiff in error company permitted the Smith Oil Corporation to deal with the casing in question as if it was the owner thereof, and gave to the defendants in error no information to the contrary.

Plaintiff in error states in its brief that:

"When it (Osage Oil & Refining Company) accepted a one-fourth interest in this lease it thereby became a joint tenant with the Smith Oil Corporation in the lease as a whole."

The president of the Osage Oil & Refining Company, in behalf of the plaintiff in error, testified that he signed a division order with the Smith Oil Corporation to the Bartlett Gas Company for that company to take gas from the well on the lease; that

he wrote letters to the Bartlett Gas Company demanding payment for their interest in the gas, but that the Bartlett Gas Company did not pay the Osage Oil & Refining Company for such gas.

It may be fairly concluded from an examination of this record, that the enterprise engaged in by the two companies, the Smith Oil Corporation and the Osage Oil & Refining Company, terminated in complete failure, rendering the leasehold valueless, the well in question having been abandoned, and the lease forfeited, the result of which has produced the present controversy over the question of whether the casing used in drilling the dry well, and which casing was still in the well at the time of the trial, is subject to the lien of the defendants in error, one of whom, Gormley, built the derrick, furnishing the material therefor, the others, Caufield, who drilled the well, and Sheppard, who hauled the casing and other oil well supplies to the lease in question.

Under the proposition that a lien is not provided by statute upon oil well casing, and that no lien is provided by statute for a teaming debt, cases decided by the Court of Civil Appeals of Texas are cited, construing the lien statute of that state: Williams et al. v. Magouirk (Tex.) 235 S. W. 640; Duty et al. v. Texas-Cushing Oil & Development Co. et al. (Tex.) 242 S. W. 495.

The lien statute involved in the cited cases is not identical with the lien statute of this state, section 7464, C. S. 1921. The Texas lien statute quoted in the opinions in the cited cases provides, in effect, for a lien upon the oil and gas lease, the buildings, and appurtenances, and upon the material and supplies so furnished; while section 7464, supra, in addition to providing for a lien upon that class of property included in the Texas statute, gives a lien "upon all fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. * * *"

The cited cases construing the lien statute of the state of Texas hold that machinery and material used in drilling a well are not "appurtenances" within the meaning of the statute of that state, and that under the facts involved in those cases the hauling of casing was not a lienable item, and that the casing was not subject to a lien. The cited cases are not, we think, applicable here.

In several decisions of this court it is held that, while casing could not be considered "machinery" in the restricted sense

of that term, yet that within the meaning of the Legislature, casing being a device or means which is necessary to accomplish the desired result. to wit, drilling and developing the leasehold for oil and gas, it falls within the meaning of the Legislature in its use of this term, and that laborers and materialmen were entitled to a lien thereon. Cleveland v. Hightower, 108 Okla. 84, 234 Pac. 614; Hays Drilling Co. v. Sartain, 108 Okla. 181, 235 Pac. 615; Commercial Oil Corporation v. Lumpkin, 113 Okla. 158, 241 Pac. 137.

In Commercial Oil Corporation v. Lumpkin, supra, it is held that a person claiming a lien under section 7464, supra, "is entitled to a lien upon the leasehold, and the equipment thereon."

In Cleveland v. Hightower, supra, it is held in the first paragraph of the syllabus:

"He, who as a laborer, under agreement with a subcontractor, hauls with his team casing from a point off a leasehold onto a leasehold for oil and gas purposes, which casing is to be used as a part of the machinery or equipment for drilling a well on such leasehold, is entitled to a lien for the agreed amount, as a laborer, under the applicable provisions of the statute (sections 7464 and 7466, Comp. Stat. 1921)."

We conclude that under the lien statutes of this state, and the decisions of this court construing such statutes, the claims of the defendants in error were lienable claims, and that the judgment of the trial court decreeing such claims to be a lien upon the casing involved herein should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 597, §616. (2) 40 C. J. p. 1165, §845. (3) 40 C. J. p. 1170, §850.