## AVERY *against* CLEMONS and others.

In an action of trover for a wagon, brought by *A* against *B*, it appeared, that the wagon was attached, by the direction of *B*, while in the possession of *C*, as *C's* property. *A* claimed that it was his property, and that he had loaned it to *C*, for his accommodation. *B* claimed that it was *C's* property, that it was originally obtained by him, in exchange for other property of his, and had been constantly in his possession and used as his own. In support of this claim, and to show the nature and character of *C's* possession of the wagon, *B* offered testimony to show, that *C*, while he was in the possession and use of the wagon, declared to divers persons, that he was the owner of it, and offered to sell it as his own ; and that he had caused it to be repaired, on divers occasions, at his own expense : this testimony being unaccompanied with any evidence that these declarations and offers were made in the hearing or with the knowledge of *A*, or that such acts were authorised or assented to by him. Held, that both the acts and the declarations of *C* offered to be proved, were admissible ; the former being such as usually flow from and accompany the ownership of personal property, and therefore tending to prove such ownership ; the latter, as showing the true nature and character of such acts, but not as otherwise proving the truth of what is asserted.

It appearing, in such case, that *A* lived four or five miles from *C*, and had, without objection or interference, permitted *C* to occupy the property in question ; it was held, that proof of these circumstances was admissible, to show that *A* knew of the conduct of *C* in relation to the property, and assented to it ; it being the province of the jury to determine their weight.

THIS was an action of trover, for a one-horse wagon and harness, against *Abel H. Clemons, Edward Woodruff* and *Frederick Frisbie*. The defendants pleaded the general issue, with notice of special matter to be given in evidence.

The cause was tried, at *Litchfield, February* term 1847, before *Waite,* J.

On the trial, it was proved, that the wagon described in the plaintiff's declaration, was attached, while in the possession of *Horace B. Simmons,* as his property, by *Woodruff,* one of the defendants, and a constable of the town of *Litchfield,* by virtue of a writ in favour of *Clemons,* another defendant, against *Simmons ;* and that the wagon was, by the constable, taken out of the possession of *Simmons.*

The plaintiff claimed, that the wagon, when attached, was his property; that he had derived title thereto from *Daniel Burgess,* of whom he had purchased it, by exchanging another wagon for it, and paying the difference ; and that he had afterwards loaned it to *Simmons,* to be used in his business and for his accommodation.

The defendants claimed, that the wagon was never the property of the plaintiff, but belonged to *Simmons,* and so was liable to attachment for his debts ; that the wagon given to *Burgess* in exchange for the one in question, was the property of *Simmons ;* that the exchange was made by him ; that immediately after the exchange, *Simmons* took the wagon in question into his possession, and down to the time of the attachment, a period of nearly a year, continued to use it as his own, keeping it constantly in his possession ; the plaintiff, during that time, exercising no acts of ownership whatever over it.

The defendants, in support of their claim, and for the purpose of showing the nature and character of *Simmons'* possession of the wagon, among other evidence, offered testimony to show, that *Simmons,* while he was in the use and occupancy of the wagon, repeatedly declared to divers persons, that he was the owner of the wagon,—and offered to sell it as his own ; and that he had caused it to be repaired, on divers occasions, at his own expense ; which testimony was unaccompanied with any evidence that these declarations and offers were made in the hearing, or with the knowledge, of the plaintiff; or that such acts were authorized or assented to, by him ; unless this might be inferred from the fact that the plaintiff, who lived some four or five miles from *Simmons,* had permitted him to use and occupy the wagon, during the period, without objection or interference on his part.

To the admission of the testimony so offered by the defendants, the plaintiff objected ; but the court overruled the objection and admitted it.

The jury having returned a verdict for the defendants, the plaintiff, claiming that the court erred in admitting such testimony, moved for a new trial.

*J. H. Hubbard,* in support of the motion, contended, that the declarations of *Simmons* were improperly admitted as evidence to defeat the title of the plaintiff. They were declarations made out of court, without the sanction of an oath, and without the opportunity of a cross-examination. *Simmons* was a competent witness for the defendants, his interest being balanced; and had he been called and sworn, they could not have interrogated him as to his declarations out of court. As admissions, the declarations in question were inadmissible, because they were *in favour* of the person making them. *Smith* v. *Martin*, 17 *Conn. R.* 399. If these declarations were admissible to defeat the title of the plaintiff, then any one who gets possession of the property of another, by hiring or borrowing, may make evidence at pleasure, to subject it to the payment of his debts.

The motion shows no claim of fraud on the part of the plaintiff; no claim of any combination between him and *Simmons* to screen the property of the latter from attachment: and there is no pretence that *Simmons* obtained a credit on the faith of having the property in his possession.

But the motion shows, that the evidence was claimed by the defendants, and admitted by the court, for two purposes: first, to show that the plaintiff was never the owner of the property; secondly, to show the nature and character of the possession of *Simmons*. It was inadmissible for either purpose. But it is a sufficient ground for a new trial, that it was admitted for the purpose of proving the claim of the defendants, as to *Simmons's* ownership of the property, at the time of the attachment.

The fact that the plaintiff had permitted *Simmons* to use the wagon without objection, furnishes no inference of an authority to make evidence to defeat the plaintiff's title.

*Seymour* and *F. Bacon*, contra, were stopped by the court.

Storrs, J. The evidence offered by the defendants, on the trial, and received by the court below, was, in our opinion,

clearly admissible, for the purpose of proving that *Simmons* was the owner of the property in question, when it was taken under the attachment of *Clemons.* It showed those acts on the part of *Simmons,* while he was in the possession of it, which naturally and usually flow from and accompany the ownership of personal property; and therefore, tended to evince such ownership; and his declarations accompanying those acts, were admissible, for the purpose of showing their true character. They tended to prove for what purpose and with what motive, they were done; which was necessary to be understood, in order that the proper effect might be given to them. Indeed, those declarations constituted a part of the acts themselves. The possession of personal property is, unexplained, *prima facie* evidence of ownership in the possessor; but, as it is consistent with ownership in another, it is not conclusive; and whether the person in possession is the owner, depends, not upon the mere fact that he is in possession of it, but upon the nature and character of that possession. These are properly evinced, by his conduct with regard to it; and the nature of that conduct can only be understood, by the declarations accompanying it. Declarations, in such cases, are not, as claimed by the plaintiff, obnoxious to the objection which ordinarily applies to hearsay testimony. They are not received as declarations of third persons, to prove the truth of what is asserted; but as being, of themselves, acts or things done by them, and which explain or characterize the acts which they accompany, and show their true character.

It is urged, that it is unjust thus to permit the title of the owner of property to be affected, by the acts or declarations of his bailee. If it were conceded, that the plaintiff was, as he claimed to be, the owner of the property, and had lent it to *Simmons,* then indeed the acts or declarations of the latter could not be received to divest the former of his title, unless they were done or uttered with his consent; but in this case, the title of the plaintiff and his loan to *Simmons* were contested, and constituted the very question in dispute between the parties; and upon that very point those acts and declarations were adduced. And if there had been a formal loan, by the plaintiff, to *Simmons,* they were clearly admissible, according to the authorities, to prove that loan to be merely colourable. *Willies* v. *Farley,* 3 *Car. & Pa.* 395. (14 *E. C.*

*L.* 366, 7.) is precisely in point. In that case, *A* sued out a writ of *fi. fa.* against the goods of *B,* and the sheriff executed a bill of sale of certain goods to *A ;* after which *B* remaining in possession of the goods, the sheriff again took them under another execution against *B ;* and in an action of trover, by *A,* against the sheriff, for taking these goods, it was held, that the declarations of *B,* at the time of the second execution, were evidence for the defendant, to show that *A's* execution was colourable. *Babb* v. *Clemson,* 10 *S. & R.* 419. S. C. 12 *Id.* 328. is to the same effect.

It is stated in the motion, that the testimony we are considering was unaccompanied with any evidence that the declarations of *Simmons* were made in the hearing or with the knowledge of the plaintiff, or that said acts were authorized or assented to, by the plaintiff, unless this might be inferred from the fact that he lived some four or five miles from *Simmons,* and had, without objection or interference, permitted *Simmons* to use and occupy the property since the plaintiff claimed to have purchased it. Proof of these circumstances was admissible, to show, that the plaintiff knew of the conduct of *Simmons* in relation to the property, and assented to it. We cannot, on this motion, say, that those circumstances were insufficient for that purpose : it was the province of the jury to determine their weight.

A new trial, therefore, should not be advised.

In this opinion the other Judges concurred.

New trial not to be granted.