# Medlin *v.* Wilkerson.

### *Detinue for Mules.*

1. *Sale by bailee; title of purchaser, as against bailor.*—A bailee of property, not having authority to sell, can not make a sale which will be valid against his bailor, even to a *bona fide* purchaser who was ignorant of his want of title.

2. *Irregular judgment against sureties on replevy bond.*—The defendant, in an action for the recovery of personal property in specie, can not complain of an irregular or erroneous judgment against the sureties on his replevy bond, since he can not be injured by it.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. W. E. CLARKE.

The appellee, Presley M. Wilkerson, brought an action of detinue against the appellant, W. R. Medlin, for the recovery of two mules.

The plaintiff had loaned the mules to one Grimmer, in Marion, Perry county, Alabama, to conduct a peddling business, expressly directing him not to sell or otherwise dispose of them. Grimmer sold the mules for full value to one Meyer in Tuscaloosa, Alabama, who sold them to the defendant. There was no proof that the plaintiff knew of or assented to the sale by Grimmer to Meyer, or by Meyer to the defendant, and the testimony was silent as to whether or not Grimmer sold the mules as his own property. The defendant asked, in writing, six charges, five of which were based upon the hypothesis, among others, that Grimmer sold the mules *as his own property*, and the sixth was upon the hypothesis, among others, that he sold them as his own, with the *knowledge* and permission of, *and without dissent from*, the plaintiff. The first five charges asserted, in substance, the following proposition: If the defendant was a *bona fide* purchaser for value, without actual notice of plaintiff's title, from Meyer, and Meyer was a *bona fide* purchaser for value, without actual notice of plaintiff's title, from Grimmer, and Grimmer was in possession and apparent owner of the mules, by permission of plaintiff, then the defendant acquired a valid title by such purchase. The sixth charge, as above stated, contained the additional hypothesis, that the plaintiff *permitted* Grimmer to sell the mules as his own. The court refused each of the charges separately, and to each refusal the defendant excepted."

[Medlin v. Wilkerson.]

The court rendered judgment not only against the defendant, but, also, conditionally against the sureties on his replevin bond. The refusal of the charges and the judgment against the sureties, are assigned as error.

McEACHIN & McEACHIN, for appellant. .

WOOD & WOOD, *contra.*—All the charges asked by the appellant, notably, the 6th, are abstract. The first five charges are, moreover, bad in law.—*Wheelright v. Depeyster*, Johns. Rep. 478; *Orser v. Storrus*, 9 Cow. 690; 7 Cow. 752; 8 Johns. 434; 1 Benj. on Sales, 405–6, § 4; *Ballard v. Burgett*, 40 N. Y.; *Austin v. Dye*, 46 N. Y. 500; *Henry v. Hoppock*, 15 N. Y. 409; 3 Gray's Mass. 545, 548; 36 Me. 502; 42 N. J. L. 308, 313; 2 Sanders' R. 476; 2 Stark, 311; 8 Mass. 518; 5 Sergt. & Rawls, 130.

SOMERVILLE, J.—There is no conflict in that part of the evidence which shows that Grimmer held the mules in controversy as the mere bailee of the plaintiff, without authority to sell or otherwise dispose of them. The law is settled that a bailee can not make a valid sale of the property, which is the subject of the bailment, even to a *bona fide* purchaser who may buy in ignorance of the vendor's want of title. The purchaser in such cases is charged with notice of the true ownership of the property, and buys at his peril. *McCall v. Powell*, 64 Ala. 254; *Calhoun v. Thompson*, 56 Ala. 166; *Sumner v. Woods*, 67 Ala. 139; *Fairbanks v. Eureka Co.*, *Ib.* 109.

The several charges requested by the appellant entirely ignored this principle, and were based on a supposed state of facts not supported by the evidence set out in the bill of exceptions.

The appellant can base no assignment of error on the fact that the judgment rendered against the sureties on his replevy bond was improper or irregular. If error, this was without injury to him, and the sureties are not parties to this suit, or record.

Judgment affirmed.