NICHOLS *v.* MONJEAU.

1. SALE BY BAILEE—AUTHORITY.
   A bailee of property has no apparent authority to sell, and devest the owner of his property. *Trudo* v. *Anderson*, 10 Mich. 357.

2. SAME—KNOWLEDGE OF BAILOR—ESTOPPEL.
   The fact that plaintiff did not proceed at once to assert his rights to his property by replevin after learning that it was in the possession of one who had purchased it from his bailee does not estop him from recovering it from a subsequent purchaser, where he had no knowledge of an intent of the vendee to further transfer it.

Error to Baraga; Streeter, J. Submitted February 18, 1903. (Docket No. 95.) Decided March 30, 1903.

Replevin by Edward Nichols and another against Victor Monjeau. From a judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed.

*C. F. Button,* for appellant.

*Ira E. Randall,* for appellees.

MONTGOMERY, J. Plaintiffs owned a team of horses. They intrusted them to a teamster, named Baker, to take into the lumber woods, and do teaming. Near the end of the season Baker sold the team of horses to one Conley. Conley kept the horses until about the 1st of April; then sold them to defendant. Plaintiffs' testimony shows that, while they learned that the team had been sold very shortly after the sale took place, they did not find out who purchased them until in May or June. Early in July they saw defendant, and made a demand for the team, which being refused, this action of replevin was brought. On the trial the circuit judge directed a verdict for the plaintiffs. Defendant brings error.

Baker, having no title, could pass none. *Trudo* v. *Anderson*, 10 Mich. 357 (81 Am. Dec. 795). The doctrine of apparent authority has no application to such a case, as the case cited rules that a bailee of property has not the apparent authority to sell, and devest the true owner of his property.

Defendant's counsel requested the court to charge the jury that, if the plaintiffs knew that the team had been sold shortly after the sale took place, and failed to disaffirm the sale, they would be estopped from now asserting title as against the defendant, who purchased at a later time. There was testimony on the part of the defendant tending to show an admission of the plaintiffs that they knew, shortly after Conley bought the team, that the team had been sold to him, and the question presented is whether the failure to take prompt action to recover the team estops them. The plaintiffs are not shown to have had any knowledge of any purpose of Conley to transfer the team. They simply delayed bringing an action against him, which they were entitled to do. The case is unlike the cases cited by defendant's counsel, wherein the doctrine of estoppel was applied to one who has a duty to speak, knowing that his silence will result in another placing himself in a different position. Unless the mere fact that plaintiffs knew of Conley's possession called upon them to proceed at once to assert their rights by replevin, there could be no room for the doctrine of estoppel. We do not think this is the rule.

The direction was proper, and the judgment will be affirmed, with costs.

The other Justices concurred.