## First Nat. Bank of Holdenville v. Kissare.

No. 690. Ind. T.   Opinion Filed November 13, 1908.

(98 Pac. 433.)

**CHATTEL MORTGAGES—Apparent Title to Personalty—Estoppel.**
Where, in an action of replevin brought by K. for certain cattle taken by defendant in foreclosure of a chattel mortgage as the property of B., the evidence disclosed that K, the owner of said cattle, while living in another state, branded them in B.'s brand and sent them into what is now this state to be by him pastured for hire, and that while so in his possession were mortgaged to defendant by B. as his property to secure a loan to B. **Held,** that K. is estopped to set up title to the property as against the defendant.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory; Louis Sulzbacher, Judge.*

Action by G. W. Kissare against the First National Bank of Holdenville. Judgment for plaintiff, and defendant brings error. Reversed and dismissed.

On December 27, 1902, G. W. Kissare, defendant in error, plaintiff below, brought suit in replevin in the United States Court for the Indian Territory, Western District, at Wewoka, against the First National Bank of Holdenville, plaintiff in error, defendant below, to recover 15 three year old steers, 24 cows, and 9 calves, 9 two year old steers, 6 four year old steers, 2 two year old heifers, and a yearling steer; all but the latter and the calves being branded

T on the left side and K on the left thigh. The defendant gave a retaining bond, and on February 7, 1903, filed answer, which was, in effect, a general denial, set up title to the property in one J. T. Butler, and claimed a special ownership therein, and right of possession thereto by virtue of a chattel mortgage executed thereon by said Butler to it on June 2, 1902, to secure a loan to him of $3,000. There was trial to a jury which resulted in a verdict for plaintiff, and, after motion for a new trial filed and overruled, defendant prosecuted a writ of error to the United States Court of Appeals in the Indian Territory and the cause is now before us for review as the successor of that court.

*Crump & Rogers* and *J. W. Crump,* for plaintiff in error.
*W. P. Langston,* for defendant in error.

TURNER, J. (after stating the facts as above). It is urged that the judgment of the trial court is contrary to law. There is very little, if any, conflict in the testimony. It discloses that in the spring of 1901 Kissare, defendant in error, was living on a farm near Conway, Ark.; that J. T. Butler, his son-in-law, was living on a ranch near Holdenville, Ind. T.; that the brand of the former was a K on the left thigh and that of the latter a T on the left side; that about that time Butler went to Arkansas and bought from Kissare about 100 head of cattle bearing his brand, and shipped them to his ranch near Holdenville, but before shipping branded them in his own brand; that in the spring of 1902 he again went to Arkansas and got 100 head of mixed cattle, the property of Kissare, all bearing his brand, which Butler agreed to ship to his ranch and pasture for hire, and which were before shipment branded by Kissare in Butler's brand; that they were billed out from Conway by Kissare in Butler's name consigned to him at Holdenville, and from there, upon their arrival, were taken by Butler to his ranch and intermingled with the first shipment; that on June 2, 1902, Butler, being indebted to plaintiff in error in the sum of $1,000, to secure a loan of $3,000, executed to plaintiff in error, who accepted it in good faith, a chattel mortgage,

without the knowledge or consent of Kissare, on 302 head of cattle including those aforesaid, described as "of various colors and all branded T on any part of the animal," said mortgage being "intended to cover all the cattle I own in this brand, and are all free from incumbrance and I guarantee the number to be not less than stated." It also covered the increase, and provided that the "marks and brands used to describe the above stock are the holding marks and brands and carry the title, although said property may have other marks and brands." After condition broken plaintiff in error took possession of such part of the property described in said mortgage as remained, and sought to foreclose, whereupon Kissare brought this suit, claiming the cattle replevined to be a part of those shipped by him from Arkansas to Butler to pasture for hire.

We are clearly of the opinion that the judgment is contrary to law, and that Kissare is estopped to assert title to the cattle contained in Butler's mortgage as against the bank.

To the general rule that a vendor or mortgagor can convey no better title than he has, there is a well-defined exception, which is that where the owner of property clothes another with *indicia* of title or allows him to appear as owner thereof, or as having full power of disposition over the same, an innocent third party thus led into dealing with such apparent owner with reference thereto will be protected. Bigelow on Estp. (5th Ed.) 560. In *Williams et al. v. Fletcher*, 129 Ill. 356, 21 N. E. 783, the court after stating the rule substantially as above, quotes approvingly from Rapallo, J., in *McNeil v. Tenth National Bank*, 46 N. Y. 325, 7 Am. Rep. 341, thus:

"Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precluded him from disputing, as against them, the existence of the title or power, which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the party making the conveyance."

This is true whether the *indicia* of ownership is intrusted either designedly or negligently, and is true either of sales or mortgages. 24 Am. & Eng. Enc. of Law, 1165, says:

"Where the owner of property designedly or by negligence intrusts another with the title or *indicia* of the ownership of personal property, and the latter sells the property to a *bona fide* purchaser, such purchaser will be protected in his title as against the owner, upon the principle that, where one of two innocent parties must suffer through the fraud of a third person, the loss should fall upon the one who by his own act created the circumstances which permitted the fraud to be perpetrated."

Of course, a mortgagee is entitled to protection as a *bona fide* purchaser. 24 Am. & Eng. Enc. of Law, 1169.

That Kissare by branding his cattle in Butler's brand and sending them from Conway, Ark., to Holdenville, Ind. T., many miles from where they were known as his property, and by placing them in Butler's possession, thereby clothed Butler with the highest *indicia* of title thereto, there can be no doubt. It is a well known fact that cattle bearing a brand are by the business world taken to be the property of the owner of the brand. By thus branding them, Kissare not only proclaimed to the world Butler's ownership in the cattle as effectually as he could have done by any other means, but just as effectually disclaimed ownership in them himself. It is undisputed that the bank knew these cattle to be in Butler's brand, and in good faith relied upon this apparent ownership and loaned Butler $3,000 secured by the chattel mortgage in evidence on the cattle, believing him to be the owner. We are of the opinion that it would be a fraud upon the bank to permit Kissare under the circumstances to assert title to the property, and that he is estopped from so doing. *Nathaniel A. Cowdrey v. J. V. W. Vandenburgh et al.,* 101 U. S. 572, 25 L. Ed. 923; *Velsian v. Lewis,* 15 Or. 539, 16 Pac. 631, 3 Am. St. Rep. 184; *Drew v. Kimball,* 43 N. H. 282, 80 Am. Dec. 163; *Horn v. Cole,* 51 N. H. 287, 12 Am. Rep. 111; *McMurray v. Hughes,* 82 Iowa, 47, 47 N. W. 883; *Nodle v. Hawthorn,* 107

Iowa, 380, 77 N. W. 1062.; *Rigney & Kirley v. Smith,* 39 Barb. (N. Y.) 383; *Wood's Appeal,* 92 Pa. 379, 37 Am. Rep. 694.

The cause is therefore reversed and dismissed, at the cost of defendant in error.

All the Justices concur.