RAGAN v. CITIZENS' STATE BANK OF FORAKER *et al.*

No. 2651. Opinion Filed April 29, 1913.

(131 Pac. 1093.)

1. PROPERTY—Ownership of Property—Possession. Possession of personal property, if unexplained, is prima facie evidence of ownership in the possessor.

2. EVIDENCE—Ownership of Personalty. Acts and declarations of the possessor of personal property concerning the same are admissible in evidence to determine the nature of such possession, although not made in the presence of the one claiming ownership in the property.

(Syllabus by the Court.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by D. M. Ragan against the Citizens' State Bank of Foraker and G. R. Maddox. Judgment for defendants, and plaintiff brings error. Affirmed.

*Grinstead, Mason & Scott*, for plaintiff in error.

*Joseph D. Mitchell* and *H. P. Mitchell*, for defendant in error Citizens' State Bank.

WILLIAMS, J.   The plaintiff in error, D. M. Ragan, as plaintiff, sued the defendants in error, Citizens' State Bank of Foraker, and G. R. Maddox as defendants, in replevin to recover possession of four horses, two of which were called roans. The defendant bank with its codefendant, G. R. Maddox, as constable, claimed said horses by virtue of a mortgage to the said bank by B. L. Ragan, the son of the plaintiff.   By answer they put in issue (1) the plaintiff's ownership of said horses; and (2) further pleaded estoppel against said plaintiff.

Over the objection of the plaintiff, at the instance of the defendant, one W. C. Heaton testified as follows:

"Q.   Were you acquainted with B. L. Ragan in his lifetime?   A. I was.   Q.   I will ask you whether or not you know two certain roan ponies specified in a chattel mortgage given by B. L. Ragan to the Citizens' State Bank of Foraker, Okla., under date of the 27th day of January, 1910?   A.   I do. Q.   State whether or not if you had any conversation with B. L. Ragan with reference to the ownership of such property. (Objection; overruled; exception.)   A.   I did.   Q.   State what such conversation was.   (Objection; overruled; exception.)   A.   B. L. Ragan stated to me that he was the sole owner of the butcher shop, ice wagon, and two roan ponies specified in said mortgage."

Under the issue of estoppel the declarations of the said B. L. Ragan, out of the presence of his father, D. M. Ragan, were clearly inadmissible, unless shown to have thereafter been brought to his knowledge.   *First National Bank v. Kissare,* 22 Okla. 545, 98 Pac. 433, 132 Am. St. Rep. 644; *Holt v. Holt,* 23 Okla. 639, 102 Pac. 187.

As to the issue of ownership, there was evidence tending to prove that Oscar L. Graham negotiated a trade between B. L. Ragan and W. C. Brooks, by which the said B. L. Ragan received the two roan ponies, the said Brooks taking therefor a gray mare.   The evidence of Heaton seems to be competent on this issue as a part of the *res gestae.*   A mere declaration, when a part of the act of possession, is evidence; in other words, a part of the *res gestae.*   Possession

of personal property, if unexplained, is *prima facie* evidence
of ownership in the possessor; but, as it is consistent with
ownership in another, it is not conclusive.     Whether the
person in possession is the owner depends not upon the mere
fact that he is in possession, but upon the nature and charac-
ter of that possession. These are evinced by his conduct with re-
gad to it. The nature of such conduct is indicated by the declar-
ations accompanying it. Such declarations are not received as de-
clarations of third parties to prove the truth of what is asserted,
but as being of themselves acts or things done by them, and which
explain or characterize the acts which they accompany, and
show their true character.     *Lockwood Bros. v. Frisco Lum-
ber Co.*, 22 Okla. 31, 97 Pac. 562; *Avery v Clemons*, 18
Conn. 306, 46 Am. Dec. 323; *Abbott v. Hutchins*, 14 Me. 390,
31 Am. Dec. 59; *Darling v. Bryant & Walker*, 17 Ala. 11,
52 Am. Dec. 162; *Nelson v. Iverson*, 17 Ala. 216.

In *Avery v. Clemons, supra,* it is said:

"It is stated in the motion that the testimony we are con-
sidering was unaccompanied with any evidence that the declara-
tions of Simmons were made in the hearing or with the
knowledge of the plaintiff, or that said acts were authorized
or assented to by the plaintiff, unless this might be inferred
from the fact that he lived some four or five miles from Sim-
mons, and had, without objection or interference, permitted
Simmons to use and occupy the property since the plaintiff
claimed to have purchased it.     Proof of these circumstances
was admissible to show that the plaintiff knew of the con-
duct of Simmons in relation to the property and assented to
it.     We cannot on this motion say that those circumstances
were insufficient for that purpose; it was the province of the
jury to determine their weight."

The property in the Connecticut case was a wagon.     The
syllabus is as follows:

"Possession of personal property is, if unexplained, *prima
facie* evidence of ownership in the possessor.     Acts and declara-
tions of the possessor of personal property, concerning the
same, are admissible in evidence to determine the nature of

such possession, although not made in the presence of the one claiming ownership in the property."

It is not contended that the case was not submitted to the jury under proper instructions. We think that the evidence presented a case for the determination of the jury. The judgment of the lower court is affirmed.

All the Justices concur.