INTERNATIONAL SUPPLY CO. v. CONN, Sheriff. (POWELL et al., Interveners).

No. 16685—Opinion Filed June 29, 1926.

Rehearing Denied Sept. 21, 1926.

## Oil and Gas—Laborer's Lien on Leasehold Estate.

Under section 7464, C. O. S. 1921, laborers' liens for labor performed in drilling a well on an oil and gas leasehold estate attach to the leasehold estate, and each part thereof, and include a lien on the drilling rig and its appurtenances, notwithstanding

the drilling rig may belong to a different party than the leasehold estate.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by International Supply Company against J. A. Conn, Sheriff of Bryan County, and W. J. Powell et al., interveners. Judgment for interveners, and plaintiff appeals. Affirmed.

W. O. Craig, for plaintiff in error.

MacDonald & MacDonald, for interveners.

Opinion by MAXEY, C. This action was commenced in the district court of Bryan county on the 19th day of September, 1924, by the plaintiff in error against J. A. Conn, sheriff of Bryan county, Okla., to recover the possession of certain drilling tools alleged to belong to E. J. Weir. The plaintiff, International Supply Company, claims said drilling rig and the right of possession thereto, by virtue of a chattel mortgage executed by E. J. Weir to the plaintiff on the 13th day of September, 1924. On the 13th day of January, 1925, C. E. Harris, R. O. Underwood, Ralph M. Royce, W. J. Powell, J. L. Smith, and Joe Floyd, filed a plea of intervention in said suit, wherein they claimed said drilling rig, by virtue of certain laborers' liens filed against said drilling rig during the month of September, 1924. Issues were joined and the case tried to the court, without a jury, by agreement of the parties.

It appears from the record that E. J. Weir purchased the drilling rig in question from the plaintiff, International Supply Company, sometime during the early part of 1924, and entered into a contract with T. T. Blakeley, who owned a lease on said premises in Bryan county, to drill a well on said lease, and that the various interveners performed labor on said lease between March 3rd and September 9th, which had not been fully paid for, and each of these interveners' statements of labor lien is attached to the petition of intervener and appears in the record. A trial was had on the 2nd day of February, 1925, and resulted in a judgment sustaining the interveners' claims for the respective amounts sued for.

It further appears from the record, that on the 13th day of September, 1924, E. J. Weir, being indebted to the plaintiff, International Supply Company, for a balance due of something like $1.300 on said drilling rig, executed a mortgage to the International Supply Company for said amount, and also executed a note which the mortgage was given to secure, and it is on this note and mortgage that plaintiff in error, International Supply Company, bases its right to recovery in this case. The main question for determination in this appeal may be stated as follows:

"Are drilling tools used in drilling an oil and gas well for the discovery of oil or gas, and the property of one not the owner of the lease, subject to the lien of a driller for labor performed."

It is conceded by the record that T. T. Blakeley was the owner of the oil and gas lease, and that E. J. Weir was the owner of the drilling rig; that Weir had no interests in the leasehold; nor did Blakeley, the owner of the leasehold, have any interest in the drilling rig. Whatever rights the laborers claiming liens may have in this matter are prescribed and bounded by the special lien statute as to oil and gas leaseholds, which are sections 7464 and 7466, C. O. S. 1921. Section 7464 reads as follows:

"Any person, corporation or copartnership, who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor or furnish material, machinery and oil well supplies used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said leasehold for gas and oil purposes, and upon any oil or gas pipe line, or such oil and gas wells, and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found; and compliance with the provisions of this article shall constitute constructive notice

of the lien claimant's lien to all purchasers and incumbrancers of said property or any part thereof. subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

There were only two witnesses examined in the case, and they swore that Weir was not the owner of the lease, but was the owner of the drilling machine. We take it that there is no case from our court in point, as none are cited by either party. Counsel for plaintiff in error cites from Texas cases, which he claims are very similar to our law on the subject, and in construing same contends that while the Texas statute gives the laborers a lien on the drilling rig, our statute does not. The Texas statute provides, among other things. that the person furnishing labor or material used in digging, drilling, torpedoing, completing, maintaining or repairing of any oil or gas well shall have a lien upon the whole of such land or leasehold interest therein, or lease for oil and gas purposes, the buildings and appurtenances, including leasehold interest and land used in. operating for oil upon such leasehold. or land for which said material and supplies were furnished or labor performed. The Texas court, in the case of Williams v. Magourick, 235 S. W. 640, is the one relied on by plaintiff in error. In the opinion it is stated:

"The act under discussion only extends the lien therein provided for as to material, machinery or supplies, to such material, machinery, or supplies furnished by the laborer or mechanic and used in the digging, drilling. torpedoing. operating, completing, maintaining or repairing any such oil or gas well."

It will be observed that there is a difference in the Texas statute and our statute. The part of our statue that applies to the question involved in this case is found in section 7464, and is as follows:

"Fixtures and appliances used in the operating for oil. and gas; * * * and such liens shall follow said property and each and every part thereof. and be enforceable against the said property, wherever the same may be found."

It will be observed that our statute is somewhat broader than the Texas statute, and we think the Legislature intended to protect the laborers and mechanics from just such a case as we have before us, and we are constrained to hold that the laborer's lien attached to the drilling rig in question in this case, and that the trial court was right in sustaining the laborer's lien.

It will be observed from the foregoing statement, that the laborers' liens were filed before the commencement of this suit. and that some of them were filed on the same day that the mortgage was executed, but the mortgage was not filed until the 27th day of September, 1924, several days after all of the laborers' liens were filed.

There is some discussion of the doctrine of lis pendens, but under the view we have taken on the main question, we deem it unnecessary to go into a discussion of the doctrine of lis pendens, as applied to this question. On the whole record. we think the trial court was right, and that its judgment should in all things be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1170 § 850.