## HUGHES v. WINCHELL.
No. 22327. June 19, 1934.

Hughes & Dickson, for plaintiff in error.

Ross Rizley and Orlando F. Sweet, for defendant in error.

RILEY, C. J. This is an action brought by defendant in error, as plaintiff, against plaintiff in error, A. J. Hughes, doing business as the A. J. Hughes Grain Company, to recover the value of 265 bushels of wheat alleged to have been converted by said A. J. Hughes, doing business as the A. J. Hughes Grain Company. The parties will be referred to as in the trial court.

Plaintiff was a farmer near Tyrone, in Texas county. Defendant operated a grain elevator in Tyrone, Okla., and was engaged in buying wheat and other grain.

In July, 1929, plaintiff harvested and threshed his wheat, which he had sold or engaged to sell to Rife and Gilmore, who also operated a grain elevator in Tyrone. Plaintiff employed one Frank Tucker to haul the wheat from the farm to the elevator in Tyrone, by truck at 3c per bushel, and instructed him to deliver same to the Rife and Gilmore elevator. Tucker, wthout the knowledge of plaintiff, hauled five truckloads of the wheat to the elevator of defendant and sold same to defendant. He told defendant that part of the wheat belonged to his father, or to his father and one Lasley, and that one truckload belonged to Tucker and Winchell. Tucker requested that the checks for the first four loads of wheat be made out to his father, G. G. Tucker, and for the last load in the name of Tucker and Winchell. This was done, and Frank Tucker cashed the checks and obtained the money thereon. In so doing he forged the indorsement of his father and Winchell. Shortly thereafter the facts were discovered and plaintiff demanded payment for the wheat from defendant. Payment was refused and this action was commenced. The petition is in the usual form, and defendant answered by general denial.

Upon an instructed verdict, judgment was rendered for plaintiff, and defendant appeals.

Defendant contends that plaintiff, by his acts in placing Frank Tucker in possession of the wheat, with apparent authority to sell, constituted Tucker his agent, and that defendant was an innocent purchaser without notice of want of authority, and is, therefore, not liable.

Plaintiff contends that Tucker was a bailee for hire without any power or authority whatever to sell the wheat, and that he delivered and sold the wheat to defendant in violation of his instructions.

The uncontradicted evidence is that Tucker was employed only to haul the wheat from the farm to the elevator. That he had no authority whatever to sell the wheat, or collect the money therefor. He was, therefore, a mere bailee. The relation between plaintiff and Frank Tucker was the hiring of the transportation of the wheat. There was no agreement express or implied giving the bailee power to sell or

dispose of the property. He could not sell the wheat to defendant so as to give title even though defendant was acting bona fide and without notice of the status of Frank Tucker as bailee. 6 C. J. 1128.

The general rule is that the bailor may recover possession of the subject-matter of the bailment, or its value, from any person who has acquired possession by wrongful act of the bailee, such as a sale, etc. 6 C. J. 1147.

In Nichols v. Monjeau, 132 Mich. 582, 94 N. W. 6, it is held:

"A bailee of a team with which to do teaming has no apparent authority to sell it so as to transfer title against his bailor."

In the opinion it is said:

"The doctrine of apparent authority has no application to such a case, as the case cited rules that a bailee of property has not the apparent authority to sell and divest the true owner of his property."

In Medlin v. Wilkerson, 81 Ala. 147, 1 So. 37, it is held:

"A bailee of property, not having authority to sell, cannot make a sale which will be valid against his bailor, even to a bona fide purchaser who was ignorant of his want of title."

The rule is stated in Young v. Cole, 91 Okla. 113, 216 P. 429, as follows:

"The bailee in possession of property for some particular purpose is not invested with such appearance of ownership as will enable the bailee to pass the title to the property as against the owner."

See, also, Yonkman v. Harvey, 133 Okla. 252, 271 P. 839.

The rule appears to be well established and substantially without exceptions. 3 R. C. L. 142.

Under the uncontradicted evidence, there was no error in directing a verdict for plaintiff.

Judgment affirmed.

CULLISON, V. C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.