## OWEN v. ALLEN.

No. 22416. Oct. 2, 1934.

Withdrawn, Corrected, and Refiled Oct. 23, 1934.

H. A. Johnson, for plaintiff in error.

McGuire & McGuire, for defendant in error.

OSBORN, J. B. A. Owen, hereinafter referred to as plaintiff, filed this action in the district court of Logan county against C. W. Allen, hereinafter referred to as defendant, as an action in replevin, wherein plaintiff sought to recover possession of a Nash automobile and damages for its wrongful detention. The cause was tried to a jury and a verdict rendered in favor of defendant. From a judgment thereon, plaintiff has appealed.

Plaintiff is a physician and lives in the city of Perry, in Noble county. In 1927 he purchased the Nash automobile in question and paid $1,575 for it. Plaintiff's son, L. S. Owen, 26 years of age, was a Nash automobile salesman, and plaintiff permitted him

to use the car as a demonstrator. Plaintiff alleges that he is the owner of and entitled to the car, and that it is wrongfully detained from his possession by the defendant.

Defendant's answer recites that on April 16, 1927, he purchased the automobile from L. S. Owen for a consideration of $373.74. It is further alleged that plaintiff is estopped from claiming possession of the automobile for the reason that he permitted his son to claim and exercise ownership over the automobile and to drive and deal with it as his own.

Plaintiff testified that he delivered to his son the certificate of title for the purpose of allowing him to purchase a tag for the car and for no other purpose. It is shown that when L. S. Owen attempted to transfer the title to defendant, he signed the certificate of title "B. A. Owen, by L. S. O."

On September 1, 1927, defendant and L. S. Owen signed a written agreement that L. S. Owen should have the right to repurchase the car within ten days from that date for a consideration of the amount paid by defendant.

On appeal it is urged that the evidence is insufficient to sustain the verdict. The principal question is whether or not plaintiff is estopped to assert his ownership, and, in consequence thereof, his right to possession. In the recent case of Hughes v. Winchell, 168 Okla. 463, 33 P. (2d) 787, it is said:

"A bailee in possession of property for some particular purpose is not invested with such appearance of ownership as will enable the bailee to pass the title, by sale, to the property as against the owner, even though the purchaser be bona fide and without knowedge of want of authority of the bailee."

In the case of Younkman v. Harvey, 133 Okla. 252, 271 P. 839, it is said:

"It is a well-settled rule of law that the bailee, receiving the custody and possession of personal property for a particular purpose, cannot, through the sale and delivery, pass the title of the bailor or owner of the property."

We quote further from the body of the opinion:

"In the case of Young v. Cole, 91 Okla. 113, 216 P. 429, we find the law of this question sustained by many authorities stated as follows: 'It is a well-settled rule of law that the bailee, receiving the custody and possession of personal property for a particular purpose, cannot through the sale and delivery, pass the title of the bailor or owner of the property. Dows v. Milwaukee Nat. Exchange Bank (U. S.) 23 L. Ed. 214; Commercial Bank of Selma v. Hurt (Ala.) 19 L. R. A. 701; Burton v. Curyea (Ill.) 89 Am. Dec. 350; Chism v. Woods (Ky.) 3 Am. Dec. 740; Spooner v. Holmes (Mass.) 3 Am. Rep. 491; Commerce Nat. Bank v. Wisconsin Cent. Co. (Minn.) 46 N. W. 342, 9 L. R. A. 263; Smith v. Clews (N. Y.) 4 L. R. A. 392; Hamet v. Letcher (Ohio) 41 Am. Rep. 519.' "

See, also, Nichols v. Monjeau, 132 Mich. 582, 94 N. W. 6; Medlin v. Wilkerson, 81 Ala. 147, 1 So. 37; 6 C. J. 1147; 10 R. C. L. 777.

In the instant case defendant testified that L. S. Owen informed him that he had a right to sell the car; however, defendant had ample opportunity to examine the certificate of title and was thereupon put on notice that plaintiff was the owner of the automobile, and so far as the record is concerned no inquiry was made to ascertain from plaintiff whether or not L. S. Owen had authority to sell and transfer the car. L. S. Owen was not called and did not testify in this case. From plaintiff's testimony it is clear that the only authority granted by him to his son was to drive the car and use it as a demonstrator. There is no showing that L. S. Owen was ever granted authority to make a sale of the automobile. The above authorities are applicable here.

Defendant alleges as a second defense an agreement made with L. S. Owen to the effect that he was to have a lien against the automobile for the various sums of money advanced, which he alleged in his first defense made up the purchase price of the car. In this connection it may be said that there is no evidence to the effect that plaintiff authorized his son to make an agreement of this kind or nature, and the authorities herein cited are applicable to this contention.

The judgment of the trial court is reversed and remanded for a new trial.

RILEY, C. J., CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., concur.