## CITIES SERVICE OIL CO. v. BOGGS.

No. 23780.   Jan. 22, 1935.

James W. Finley, Hayes McCoy, S. N. Hawkes, and H. J. Patterson, for plaintiff in error.

Frank T. McCoy, John R. Pearson, and John T. Craig, for defendant in error.

PER CURIAM. Beckwith was the agent of the plaintiff company, selling its products (oil and gas) in Pawhuska, at retail. The station was leased by the company. The company owned certain of the equipment used in operating the station. Beckwith owned a Ford truck. The company placed on this truck a certain 350 gallon gas tank, the tank being fastened to the truck chassis by certain U bolts to hold it in place. Boggs was operating for the company a station at Barnsdall, Okla. The company desired to discontinue its contract with Beckwith.

Parker, the agency supervisor of the

company, and Cooper, the auditor, went to Pawhuska, and entered into negotiations with Boggs for him to take over the station then being operated by Beckwith. Beckwith owned a truck, upon which was mounted the tank in question, the property of the company. Boggs agreed to purchase the truck from Beckwith for an agreed consideration. Parker drew a bill of sale from Beckwith to Boggs, in which bill of sale no mention was made of the tank. Boggs claimed when he bought the truck with the tank on it he intended to buy the entire outfit as it then stood. The company claims the gas tank was its separate property, and Beckwith could convey to Boggs no title.

Boggs contends that if, in fact, the tank belonged to the company, it was on the truck when he purchased it from Beckwith, and the agents of the company, Parker and Cooper, who negotiated the sale, by their silence, permitted him to pay for the truck and tank, and therefore the company is estopped from now claiming title to the tank, and further contends that the agent, Parker, told him that he was buying the truck just as it stood, with the tank on it.

Plaintiff in error assigns as error the action of the court in instructing the jury as to the issues raised by the pleadings and evidence, and the refusal of the trial court to give certain instructions requested by the plaintiff.

1. The court instructed the jury on the law as follows:

"No. 6. You are instructed that if you find and believe from the evidence that the plaintiff by its agents, took part in the negotiations for the sale to the defendant of the truck mentioned in evidence, and if you further find from the evidence that the defendant in the purchase of said truck honestly believed that the tank in controversy went with the truck, and that during said negotiations said agent remained silent as to any claim plaintiff may have had as to its ownership of said tank, then, and under such circumstances, the plaintiff is estopped to now claim that the defendant did not purchase the tank with the truck; and under such circumstances your verdict should be for the defendant Boggs."

This instruction correctly states the law of this case. Heckman v. Davis, 56 Okla. 483, 155 P. 1170; Bragdon v. McShea, 26 Okla. 35, 107 P. 916; First National Bank v. Kissare, 22 Okla. 545, 98 P. 433; Seely v. Security National Bank (Idaho) 235 P. 976; Swain v. Seamans, 19 L. Ed. 554.

2. The company contends that the court erred in giving instruction No. 5, for the reason that there was no evidence that the agents for the company represented to Boggs that the tank went with the truck. Instruction No. 5 is as follows:

"You are told that the defendant, Boggs, asserts that the witnesses Parker and Cooper were the agents of the plaintiff herein and authorized to make the sale of the tank in question. In this connection, you are told that the burden of proof is upon the defendant, Boggs, to establish by a preponderance of the evidence the agency asserted, and to prove that the agents had authority to sell the tank in question. It is not necessary, however, in order to establish the authority of the agents to make the sale of said tank, that direct proof be offered upon the subject. If the alleged agents took part in the sale thereof, and represented to the defendant, Boggs that they had authority to make the sale, and if the plaintiff herein, the Cities Service Oil Company, received the money resulting from said sale with the knowledge upon its part that its agents, Parker and Cooper, had negotiated the sale of the truck upon which was located the tank in question, and that said agents had held out and represented to the defendant, Boggs, that they had authority to sell the tank in question, then and under such circumstances the plaintiff would be estopped from denying the authority of the agents, Parker and Cooper, to negotiate said sale."

Boggs testified (C.-M. 98-99):

"I went up there and looked at the truck, it was standing back in the garage, and I says, 'How much do you want for this outfit, just as she stands there?' And (C.-M. 106) I said to them, 'that pays for that truck, just as it stands out there,' and Mr. Parker says, 'Yes, sir, that is the best deal you ever made'."

This testimony was sufficient to warrant the trial court in giving instruction No. 5.

3. Plaintiff in error presents, under the third assignment, error of the trial court in refusing to give six special instructions requested by plaintiff.

Where several instructions are requested and refused, it is not sufficient to present the refusal of all the requested instructions in a single assignment of error for the purpose of having all such requested instructions reviewed.

If any one of such requested instructions is wrong, no error is presented. Muskogee Electric Traction Co. v. Thompson, 100 Okla. 169, 228 P. 963; Florence v. Russell, 105 Okla. 20, 231 P. 301.

Requested instruction No. 1 is as follows:

"You are instructed to return a verdict herein in favor of the Cities Service Oil Company, and against defendant."

No error was committed by the trial court in refusing to give this requested instruction. Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Adrian Melton, Harry Hammerly, and B. B. Barefoot in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Melton and approved by Mr. Hammerly and Mr. Barefoot, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.