### MAXEY v. PAYTON.

### No. 27148. Nov. 24, 1936.

Rehearing Denied Dec. 8, 1936.

318

I. L. Cook, and Rowe Cook, for plaintiff in error.

I. O. Correll and D. H. Linebaugh, for defendant in error.

PER CURIAM. The plaintiff in error was a defendant in the court below, and the defendant in error was plaintiff in the court below. The parties will hereinafter be referred to as they appeared in the lower court.

On the 8th day of July, 1935, the plaintiff commenced this action by filing his petition in the district court of Atoka county, Okla., in which he alleges that on the 30th day of June, 1935, and during the hours of daylight, the defendant, G. P. Geter, while driving and operating a certain Oldsmobile automobile belonging to the defendant Birdie Maxey, and while he was acting as agent, servant, and employee of the said defendant Birdie Maxey, and within the scope of his employment and in furtherance of the business of Birdie Maxey, and while the said G. P. Geter was under the influence of intoxicating liquor the said G. P. Geter carelessly and negligently drove said automobile belonging to the said defendant Birdie Maxey into and against the plaintiff, causing him severe personal injuries, for which plaintiff prays damages.

To said petition separate answers were filed by each of the defendants in the form of verified general denials. Upon the issues thus made, the case was tried to a jury, resulting in a joint verdict in favor of the plaintiff and against both defendants in the sum of $1,500 actual damages and against the defendant G. P. Geter for $1,000 punitive or exemplary damages.

In due time, separate motions for new trial were filed and overruled, and the defendant Birdie Maxey brings her separate appeal to this court.

Plaintiff in error in her petition in error sets out nine specifications of error, but urges only one proposition in her brief and argument, that being the question of wheth-

er or not the defendant G. P. Geter was acting as the agent of the defendant Birdie Maxey at the time referred to in plaintiff's petition.

The plaintiff contended that at the time of the injury received by him, the defendant Geter was taking a car owned by the defendant Maxey to the home of the defendant Maxey, and for the use and benefit of the defendant Maxey and pursuant to the directions of the defendant Maxey.

The defendants contended that the car at the time plaintiff received his injuries was being driven by the defendant G. P. Geter while the said G. P. Geter was transacting his own individual business, and upon a mission of his own, and contended that at said time and place the said G. P. Geter was not acting as the agent, servant, or employee of the defendant Birdie Maxey.

The plaintiff and defendants each introduced competent evidence on the issues thus framed, and the jury returned their verdict in favor of the plaintiff.

This court has repeatedly held:

"In a law action, where a verdict has been returned, and a judgment rendered upon such verdict, and the evidence is conflicting, and there is evidence reasonably tending to support the verdict, this court will not weigh the evidence to determine where the preponderance thereof lies, and will not substitute its judgment for that of the jury." Indian Terr. Ill. Oil Co. v. Carter, 177 Okla. 1, 57 P. (2d) 864.

"Agency, when made an issue, is a question of fact to be determined, in proper cases, by the jury from all the facts and circumstances in evidence." Knupp v. Hubbard, 130 Okla. 111, 265 P. 133.

Plaintiff in error assigns other errors, but counsel neither argue nor cite authority in support thereof, and under the rule laid down in Orth v. Hajek, 127 Okla. 59, 259 P. 854, and Donnelly v. Atkins, 130 Okla. 33, 264 P. 911, the assignment will be considered waived.

The judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chester L. Armstrong, L. A. Maris, and R. O. Wilson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Armstrong and approved by Mr. Maris and Mr. Wilson, the cause was assigned to

a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and WELCH and PHELPS, JJ., absent.