**PIERCE v. JONES et al.**

No. 27875. April 19, 1938.

516

Herman S. Davis, for plaintiff in error.

Sam S. Gill, W. B. Garrett, W. T. Jeter, and Hollis Arnett, for defendants in error.

GIBSON, J. This action was commenced in the district court of Greer county by L. C. Jones against O. M. Pierce and others to foreclose a laborer's lien on an oil and gas mining lease, together with certain equipment, including a rotary drilling rig. Other lien claimants either intervened in the action or their cases were consolidated with the present one by agreement. The trial court rendered judgment in favor of each lien claimant for the amount of his claim, and entered its decree foreclosing said liens and ordering the lease and equipment aforesaid sold to satisfy the judgments and directing the manner of disbursement of the proceeds. The defendant Pierce alone has appealed.

The argument in the briefs is offered wholly and only in support of the assignments challenging the judgment rendered in favor of Jones. We may presume, therefore, that the appeal, so far as it may seek a review of the judgments rendered in favor of the other lien claimants, has been abandoned. Maxey v. Payton, 178 Okla. 317, 62 P.2d 1021.

The property here involved consists only of the rotary rig, including considerable equipment connected therewith, as shown by inventory introduced in evidence. Jones asserts a lien claim on this property for labor performed in removing the same from Hughes county to Greer county under contract with Ed. Wallace, one of the defendants, who was then in possession of and operating said tools. Pierce says the particular property belonged to him and was in Wallace's possession under a written lease contract which appears in evidence. Jones seeks to establish ownership in Wallace and alleges also that Pierce is estopped to deny Wallace's title.

We are to determine whether, under the evidence, Pierce may effectively claim ownership as against the lien claim of Jones. The trial court decided the question in the negative, and Pierce says its decision is not supported by the evidence.

The action being one in equity and tried without a jury, the judgment of the trial court will stand if it is in agreement with the weight of the evidence. In event it is made to appear from a review of the record that the judgment is against the clear weight of the evidence, the same will be reversed and judgment directed accordingly. Raymer v. Comley Lbr. Co., 169 Okla. 576, 38 P.2d 8; Mid-Continent Pet. Corp. v. Bettis, 180 Okla. 193, 69 P.2d 346.

The rental contract between Pierce and Wallace was executed prior to the time Jones performed his labor. Jones was unaware of its existence until after his lien had attached. Under the terms of the aforesaid contract, Wallace was authorized to use the rig for drilling in Pontotoc county and at any other point in Oklahoma. Pierce was to receive as rental a specified sum for each well drilled. The rental contract was of the ordinary type with no unusual provisions, except the following:

"It is further stipulated and agreed that the party of second part shall not at any time during the life of this contract permit the said rig to become involved so that mechanic's or laborer's liens may be filed against same, and to further carry out this provision of the contract, the party of the second part has this day executed a chattel mortgage covering the above-described leased rig for the sole purpose of preventing mechanic's or laborer's liens to be filed against the said rig."

The chattel mortgage referred to was never filed in any county, and was either misplaced or not executed. After the lien attached, Pierce, in furtherance of the above-quoted provision, procured from Wallace a chattel mortgage in the usual form and filed the same in Greer county. At no time was Pierce, either in person or by reference, brought into the transaction between Jones and Wallace, nor was his claim of ownership known by Jones to exist. Pierce had no personal interest in the oil and gas lease or in the drilling well, but he knew that Wallace's operations would necessitate labor from which lien claims might arise. He sought no relief under the aforesaid chattel mortgage, but asserted his right to possession of the property, free from the lien, by virtue of his ownership thereof.

Jones testified over objection of counsel that Wallace claimed ownership of the property at the time of their agreement. The evidence was competent on the issue of ownership only if Wallace's claim was charged to Pierce's knowledge (Ragan v. Citizens' State Bank, 38 Okla. 65, 131 P. 1093); but Pierce's knowledge thereof was not shown. Such statements as here assigned to Wal-

lace are without probative force under the issue of estoppel when the same are not brought to the knowledge of the owner of the property. Yonkman v. Harvey, 133 Okla. 252, 271 P. 839.

There is some evidence that Wallace disposed of some items appearing in the original inventory and replaced the same by purchase. Pierce admitted that Wallace had been authorized by him to replace any faulty equipment.

The evidence clearly reveals that Pierce was at all times the actual owner of the property in question. While there was no special finding of facts, the trial court unquestionably came to that conclusion, for in the decree the residue of the funds, after sale of the property and satisfaction of the judgments, was ordered delivered to Pierce.

If Pierce is now estopped to deny Jones' lien, we must say that the foregoing evidence shows that he clothed Wallace with sufficient indicia of ownership to lead Jones as an innocent third party into dealing with Wallace as the owner of the property. See First National Bank v. Kissare, 22 Okla. 545, 98 P. 433.

Mere possession and control of the property by Wallace was insufficient to estop Pierce as the real owner. It was held in Yonkman v. Harvey, supra, on this question as follows:

"Mere possession and control of personal property is not sufficient to estop the real owner from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership."

If there were other indicia of title in Wallace the same arose by reason of Pierce's silence on some occasion where it became his imperative duty to speak in order that Jones might be protected. No overt act is charged to Pierce by the evidence other than placing possession and control of the property in Wallace. Pierce, at no time during the transactions between Wallace and Jones, appeared upon the scene. He was at no time, to the knowledge of Jones, placed in a position where it became his imperative duty to speak. In Cities Service Oil Co. v. Boggs, 170 Okla. 335, 40 P.2d 638, the rule is stated as follows:

"In order for silence of a party to constitute estoppel against him, it must have occurred under such circumstances as to have made it his imperative duty to speak, and the party in whose favor estoppel is invoked must have been misled into doing

that which he would not have done, except for such silence."

Under the aforesaid rental contract, Wallace became a bailee for a particular purpose. 6 C. J. 1088, sec. 6. Under such circumstances, in the absence of estoppel, an encumbrance or sale of the property by the bailee is ineffective as against the real owner. Yonkman v. Harvey, supra. Possession and control of the property do not constitute sufficient appearance of ownership to warrant a third party in dealing with the bailee. Hughes v. Winchell, 168 Okla. 463, 33 P.2d 787; Owen v. Allen, 169 Okla. 351, 36 P.2d 277.

Pierce admitted that Wallace was obligated to replace with new parts any equipment worn out or destroyed. This, counsel contends, constituted evidence of a transmutation of property with no contractual obligation to return the specific articles.

There is a rule obtaining in some jurisdictions to the effect that in the absence of a contractual obligation to return the specific article, said contract permitting the bailee to return either money or other goods of equal value, there is a transmutation of property, and the obligation created constitutes a debt and not a bailment. 6 C. J. 1085-1086, sec. 3. But here the bailee had agreed to keep specific property in repair and to return such property in its original or altered form. Necessary and proper alteration of the article does not deprive the transaction of any of its characteristics as a bailment. Id.

The appeal presents no question concerning the rights and obligations arising between the seller, the bailor, and the bailee with reference to any new equipment purchased for replacement purposes.

The decisions cited by counsel as supporting the theory of estoppel in this case are First National Bank v. Kissare, supra; Commercial Oil Corp. v. Lumpkin, 113 Okla. 158, 241 P. 137; International Supply Co. v. Conn, 119 Okla. 130, 249 P. 900; Osage Oil Ref. Co. v. Gormley, 123 Okla. 186, 252 P. 37; Universal Credit Co. v. Reily, 171 Okla. 286, 42 P.2d 516.

In the Kissare Case the bailee of certain cattle placed his own brand thereon with the owner's consent and removed them to another jurisdiction for grazing. The brand being the customary mark of ownership in cattle, the owner of the cattle was estopped to set up his title as against the innocent mortgagee of the bailee. Here the

bailee, Wallace, was not authorized to claim or mark the property as his own.

The Lumpkin Case presents a question of liability arising from the relationship of principal and agent, and not one of estoppel. There the owner's agent contracted for the labor from which the lien claim arose.

In the Conn Case it was held that both the oil and gas lease and the drilling machinery, though owned by different parties, were subject to liens filed pursuant to the statutes here in question (sections 10978, 10979. O. S. 1931, 42 Okla. St. Ann. secs. 144, 145), where the owner of the machinery employed the labor. No question of estoppel is there presented.

In the Gormley Case there was a conditional sale of the property against which the liens were filed and the lien claimants were without knowledge of the vendor's claim. There was no bailment, and no question of estoppel.

In the Reily Case a mortgagee of an automobile was estopped to assert its title against a bona fide purchaser without notice. There the mortgagor had been authorized by the mortgagee to sell. This grant of authority worked an estoppel against the mortgagee.

The cited cases are not in point here.

It appears that the judgment of the trial court in favor of Jones is against the clear weight of the evidence. The same is therefore reversed and the cause remanded, with directions to dismiss Jones' action against Pierce and render judgment for Pierce accordingly, and to take such further procedure as may be necessary in the premises and not inconsistent herewith.

RILEY, PHELPS, CORN, and HURST, JJ., concur.